**Michael A. O'CONNELL d/b/a Pompano Properties, Appellant,**

**v.**

**John A. HITT, Appellee.**

**No. 13–86–423–CV.**

Court of Appeals of Texas, Corpus Christi.

March 12, 1987.

Walter J. Passmore, Keith C. Livesay, McAllen, for appellant.

Kay Andrews, Austin, Jim Sitgreaves, South Padre Island, for appellee.

Before DORSEY, UTTER and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

This is an appeal from a judgment that awarded appellee/intervenor, John A. Hitt, attorney's fees of $1,500.00 against the appellant/plaintiff below, Michael A. O'Connell. The appellant took nothing in his primary lawsuit. By four points of error, appellant complains only of the portion of the judgment that awards attorney's fees to Hitt for successfully defending the action. We agree with appellant, sustain his points of error, reverse that portion of the judgment that applies to Hitt, and render judgment that appellee, Hitt, take nothing against appellant.

Appellant sued John B. Connally, Ben F. Barnes, Herman Bennett, Pat Buell, Sunchase IV Condominiums, Real Estate Services Corporation, and John A. Hitt for breach of contract and deceptive trade practices for refusing to convey two condominiums at an advertised price. Appellant later non-suited both Real Estate Services Corporation and John A. Hitt. Hitt then filed a petition in intervention alleging that appellant had sued him "knowing full well that [he] was nothing but an agent of primary Defendant, John B. Connally, et al., with no direct responsibility for any complaint of loss Plaintiff may have allegedly incurred." Hitt sought to recover damages and attorney's fees that resulted "directly from the arbitrary action of the Plaintiff in making John A. Hitt a party Defendant." At the conclusion of the trial, two special issues were submitted to the jury concerning Hitt's cause of action. The jury found that John Hitt was wrongfully made a party defendant by the Plaintiff and that $4,300.00 would reasonably compensate him for his attorney's fees in defense of Plaintiff's lawsuit. Appellant filed a motion for judgment notwithstanding the verdict asserting several matters, including that there was insufficient evidence to support an award of $4,300.00, as the testimony established that Hitt only incurred $1,500.00 in his defense prior to non-suit. The trial court entered judgment that Hitt recover $1,500.00 from appellant.

In his four points of error, appellant challenges the award of attorney's fees for the following reasons: that there is no statutory or contractual basis for awarding the fees, that there are no pleadings or jury findings to support such an award under the Deceptive Trade Practices Act,[1] and that such an award is against public policy. We agree there is no basis for the award of attorney's fees against appellant. Appellee Hitt did not honor us with a brief. Had he done so, we would undoubtedly have been aided in determining the basis for the trial judge's decision.

■ The general rule is that attorney's fees are not recoverable for prosecuting or defending a suit unless authorized by contract or statute. *Willacy County Appraisal District v. North Alamo Water Supply Corp.*, 676 S.W.2d 632, 640 (Tex. App.—Corpus Christi 1984, writ ref'd n.r. non Supp.1987).

1. Tex.Bus. & Com.Code Ann. § 17.41–.62 (Vernon Supp.1987).

e.); *Veale v. Rose,* 657 S.W.2d 834, 841 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.).

Hitt did not plead that he was entitled to attorney's fees under section 17.50(c) of the Deceptive Trade Practices Act, under the terms of a contract, or under section 38.-001[2] that provides for attorney's fees in suits on contracts.

Although a person does not have to specifically plead the applicable statute in order to recover under it, he must plead facts which, if true, would entitle him to the relief sought. *Bellefonte Underwriters Ins. Co. v. Brown,* 663 S.W.2d 562, 575 (Tex.App.—Houston [14th Dist.] 1983), *aff'd in part, rev'd in part on other grounds,* 704 S.W.2d 742 (Tex.1986). There is nothing in Hitt's pleadings that would establish his right to attorney's fees under § 38.001 (breach of oral or written contract), the Deceptive Trade Practices Act, or any other entitlement that we are aware of.

The judgment of the trial court as it pertains to the award of attorney's fees is reversed and judgment is rendered that appellee, Hitt take nothing against appellant. The remainder of the trial court's judgment is not affected by this decision.

**2.** Tex.Civ.Prac. & Rems.Code Ann. § 38.001 (Vernon 1986), formerly codified in Tex.Rev. Civ.Stat.Ann. art. 2226 (Vernon 1971).