COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| MICHAEL BAILEY, | | No. 08-10-00149-CV |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 383rd District Court |
| | § | |
| VICTORIA RODRIGUEZ, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 2005AG1399) |
| | § | |

**O P I N I O N**

Michael Bailey appeals an attorney's fee award of $350 for legal services rendered on behalf of Victoria Rodriguez. For the reasons that follow, we reverse.

**FACTUAL BACKGROUND**

On September 18, 2009, Michael Bailey filed suit to modify an order affecting the parent-child relationship with regard to his son. The petition named Victoria Rodriguez as Respondent and Lucy Lopez and Leslie Bailey as intervenors. Rodriguez filed her original answer on October 16, 2009. On December 10, she filed special exceptions to the references to Lucy Lopez and Leslie Bailey in paragraphs two and seven of Bailey's petition. The motion complained that neither Lucy Lopez nor Leslie Bailey had filed a plea in intervention nor had they been granted leave to intervene as required by Texas Rule of Civil Procedure 60. Rodriguez also complained that Bailey failed to allege grounds for intervention as required by Texas Family Code Section 102.004(b) and Texas Rule of Civil Procedure 47. Rodriguez asked the court to strike the joinder of intervenors and order Bailey to re-plead. On January 12, 2010, Lucy Lopez, Leslie Bailey, and Hector Holguin filed a petition in intervention as grandparents of the child.

On March 3, 2010, Rodriguez's attorney, Lyda Ness-Garcia, filed a counterpetition, motion to strike, and special exceptions, complaining that "[i]ntervenors have failed to establish a legal or factual basis for their request." The motion also complained that Bailey failed to "enumerate standing" under Sections 102.003 and 102.004(b) of the Texas Family Code, and that he failed to establish a basis for intervention within a separate pleading under Texas Rules of Civil Procedure 47 and 60. Rodriguez asked the court to strike the intervenors and order Bailey to replead. She also pled for reasonable attorney's fees incurred in connection with the motion. A week later, Bailey nonsuited the intervention.

At a hearing on March 30, 2010, Ness-Garcia reiterated the arguments made in her motion with respect to the intervenors and their lack of standing. She acknowledged that the nonsuit rendered her motion moot, but she argued that the intervention was filed frivolously and asked the court to award her $518.10 as the amount of reasonable and necessary attorney's fees. Over Bailey's objection, the court awarded fees of $350.

## STANDARD OF REVIEW

We review a trial court's decision to award attorney's fees for an abuse of discretion. We must determine "whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable." *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion occurred. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). An abuse of discretion does not occur where the trial court bases its decisions on conflicting evidence. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978); *Kirkpatrick v. Memorial Hosp. of*

*Garland*, 862 S.W.2d 762, 776 (Tex.App.--Dallas 1993, writ denied). Furthermore, an abuse of discretion does not occur as long as some evidence of a substantive and probative character exists to support the trial court's decision. *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex.App.--Houston [1st Dist.] 1993, writ denied).

## WERE THE FEES ORDERED AS SANCTIONS?

Bailey's arguments on appeal are premised on the basic theory that the trial court must have awarded the attorney's fees as a sanction because no other theory would support the award. In seven issues, he contends the sanction order was erroneous because: (1) the trial court failed to give him notice that a sanction hearing would be held before imposing the sanction; (2) the trial court violated his due process rights by failing to provide him a meaningful opportunity to be heard prior to the assessment of sanctions; (3) the trial court erred in ordering sanctions where Rodriguez failed to prove Bailey or his attorney acted in bad faith, with the intent to harass, or with an improper purpose; (4) the trial court erred in awarding sanctions where Rodriguez's attorney failed to identify in her motion the *sanctionable conduct* on which she was basing her request for attorney's fees; (5) the trial court erred in awarding sanctions where Rodriguez's attorney failed to identify in her motion *the rule* on which she was basing her request for attorney's fees; (6) the trial court abused its discretion by failing to explain the reason for imposing attorney's fees as a sanction against Bailey; and (7) there was no evidence to support an award of attorney's fees.

The general rule is that a party cannot recover attorney's fees from an adverse party unless permitted by a statute or rule of procedure, by a contract between the parties, or under equity. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310-11 (Tex. 2006)(recovery of attorney's fees recoverable if permitted by statute or contract between parties); *Knebel v. Capital Nat'l Bank*, 518 S.W.2d 795, 799 (Tex. 1974)(attorney's fees can be awarded under equity). Unless attorney's fees

are mandated by statute, the party seeking fees must plead for them. *R. Conrad Moore & Associates, Inc. v. Lerma*, 946 S.W.2d 90, 96 (Tex.App.--El Paso 1997, writ denied). A party should identify the authority entitling it to attorney's fees in its pleadings. *See O'Connell v. Hitt*, 730 S.W.2d 16, 18 (Tex.App.--Corpus Christi 1987, no writ). However, if a party fails to identify the authority, the party is still entitled to attorney's fees if he pleads facts which, if true, would entitle him to the relief sought. *Id.* The trial court did not specify its reasons for awarding attorney's fees and Rodriguez has not favored us with a brief.

We disagree with Bailey's theory that the only authority for the fee award would be as sanctions under Texas Rule of Civil Procedure 13 or Texas Civil Practice and Remedies Code Sections 9.011 or 10.001. His presumption ignores Sections 106.002 and 156.005 of the Texas Family Code, both of which allow for the award of attorney's fees. *See* TEX.FAM.CODE ANN. § 106.002 (West 2008); TEX.FAM.CODE ANN. § 156.005 (West 2008). Under Section 106.002, the trial court has discretion to render judgment for attorney's fees and costs. *See* TEX.FAM.CODE ANN. § 106.002; *Farish v. Farish*, 921 S.W.2d 538, 546-47 (Tex.App.-- Beaumont 1996, no writ); *Wolters v. White*, 659 S.W.2d 885, 887-88 (Tex.App.--San Antonio 1983, writ dism'd); *see also In the Interest of Pecht*, 874 S.W.2d 797, 803 (Tex.App.--Texarkana 1994, no writ)(holding that reasonable attorney's fees may be awarded as costs in any suit affecting the parent-child relationship, and the decision to award such fees is within the discretion of the trial court). In addition, Section 156.005 of the Texas Family Code authorizes an attorney fee award in modification proceedings when the court believes the suit was frivolous. *See* TEX.FAM.CODE ANN. § 156.005 ("If the court finds that a suit for modification is filed frivolously or is designed to harass a party, the court shall tax attorney's fees as costs against the offending party."). We overrule Issues One through Six.

## IS THE EVIDENCE SUFFICIENT?

As a prerequisite to the recovery of attorney's fees for any underlying cause of action, the party seeking fees must prove the reasonableness of the fees. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). Reasonableness of fees must be supported by competent evidence. *Peeples v. Peeples*, 562 S.W.2d 503 (Tex.Civ.App.--San Antonio 1978, no writ). Here, there were no findings of fact entered to support the award of attorney's fees and costs. We must therefore presume the trial court made all findings necessary to support its order. *Holt Atherton Industries, Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992).

Factors considered by the court when determining the amount of reasonable fees include: (1) the time and labor required, novelty and difficulty of the question presented, and the skill required; (2) the likelihood that acceptance of employment precluded other employment; (3) the fee customarily charged for similar services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer performing the services; and (8) whether the fee is fixed or contingent. *Arthur Anderson & Co. v. Perry Equip. Corp.,* 945 S.W.2d 812, 818 (Tex. 1997). Ness-Garcia did not testify, nor did she present an affidavit, itemized statements, exhibits, or any other offer of proof as to the reasonableness of her fees. The record is devoid of evidence relating to her experience, the time and labor involved, the difficulty of the task, her hourly rates, rates customarily charged for similar services, or her fee agreement with Rodriguez. While a party need not offer proof of all the factors above, Ness-Garcia did not offer proof under any of them. She referenced a "case ledger" presumably detailing her time spent preparing the motions and fees incurred. But it was not offered as an exhibit, was not introduced into evidence and does not appear in the record. We have only her request for fees of $518.10.

Under these facts, we are not persuaded Rodriguez provided more than a scintilla of evidence as to the reasonableness of the amount of fees requested. Finding legally insufficient evidence to support the award, we must conclude that the trial court abused its discretion. We sustain Issue Seven and reverse and render that Rodriguez take nothing.


July 29, 2011

_____

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.