**Reversed and Remanded in Part, Affirmed in Part and Memorandum Opinion filed August 21, 2012.**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-10-00494-CV**
_____

**JANNA RUSSELL, Appellant**

**V.**

**DAVID CHRISTOPHER RUSSELL, Appellee**

---

**On Appeal from the 246th District Court
Harris County, Texas
Trial Court Cause No. 2007-65512**

---

## MEMORANDUM OPINION

Appellant, Janna Russell, appeals the Judgment rendered by the trial court in her child support enforcement action. We reverse and remand in part, and affirm in part.

## BACKGROUND

Janna and appellee, David Christopher Russell ("Chris"), were divorced July 20, 2008. The present litigation originates from Janna's petition for contempt and enforcement of an agreed final decree of divorce and property agreement ("Divorce Decree"). With

respect to the child support provisions Janna's petition alleged seven violations of the Divorce Decree and requested enforcement of those violated provisions. Janna also requested that the trial court take the following actions: (1) hold Chris in contempt; (2) confine Chris; (3) require Chris to post bond in the amount of the anticipated health expenses; and (4) place Chris on community supervision. Alternatively, Janna requested a clarifying order if the Divorce Decree was found ambiguous. Finally, Janna also requested attorney's fees:

> It was necessary to secure the services of Ellen A. Yarrell, a licensed attorney, to enforce and protect the rights of JANNA RUSSELL and the child the subject of this suit with respect [to the] enforcement of the Agreed Final Decree of Divorce. DAVID CHRISTOPHER RUSSELL should be ordered to pay reasonable attorney's fees, expenses, and costs, and a judgment should be rendered in favor of the attorney and against DAVID CHRISTOPHER RUSSELL and be ordered paid directly to the undersigned attorney, who may enforce the judgment in the attorney's own name.

In addition to the alleged child support violations, Janna also alleged nine other violations of the Divorce Decree's property divisions. She requested that the trial court: (1) compel Chris to pay penalties associated with his failure to abide by the Divorce Decree; (2) order Chris to comply with certain provisions of the Divorce Decree (3) hold Chris in contempt; and (4) fine Chris $500.00 for each Divorce Decree violation. Further, Janna requested attorney's fees with respect to the enforcement of the Divorce Decree pursuant to section 9.001 "et. sec." of the Texas Family Code.

After multiple motions and hearings, the trial court entered an order awarding Janna $1,224.00 for unreimbursed medical expenses incurred on behalf of the child. Additionally, the trial court awarded Janna, "as next of friend" for the child, judgment against Chris in the amount of $15,799.00 for funds previously ordered to be paid into a bank saving account on behalf of the child. The trial court further ordered that "any and

2

all relief requested by either party in this cause not superficially (sic) granted herein is DENIED."

The trial court separately filed findings of fact and conclusions of law, and found, in pertinent part, as follows:

> The divorce decree provided that [Chris] reimburse Janna Russell 50% of uninsured medical expenses incurred on behalf of the child. The divorce decree provided that [Chris] deposit the sum of $15,799.00 into Amegy Bank UGMA Savings Account on or before the date the Agreed Final Decree of Divorce was presented to the Court for approval. [Chris] failed to reimburse Janna Russell uninsured medical expenses incurred on behalf of the child in the amount of $1,224.00. [Chris] failed to deposit the sum of $15,799.00 in Amegy Bank UGMA Savings Account as ordered and when ordered.

In the conclusions of law section, the trial court stated that "Janna should be awarded judgment against [Chris] in the amount of $1,224.00 together with pre and post judgment interest." Additionally, the trial court concluded that "Janna, as next of friend of [D.C.R.] should be awarded judgment against [Chris] in the amount of $15,799.00 together with pre and post judgment interest." This appeal followed.

## ANALYSIS

Appellant raises six issues. Janna's first three issues allege that the trial court abused its discretion by failing to award attorney's fees to Janna. In issues four and five, Janna argues that the trial court abused its discretion by not awarding her judgment in the amounts of $166.78 and $498.00, respectively, on her claims. In her sixth issue, Janna contends, as an alternative to issues one through five, that the trial court erred in failing to make findings of fact and conclusions of law on the ultimate issues, rendering her unable to "fashion a brief."

3

**A. Attorney's Fees**

In her first three issues, Janna argues that the trial court abused its discretion in failing to award attorney's fees. First, she argues that the trial court was obligated to award attorney's fees pursuant to Texas Family Code section 157.167. *See* Tex. Fam. Code. Ann. § 157.167 (West 2008). Second, she contends that the trial court abused its discretion by not awarding attorney's fees pursuant to section 9.014 of the Texas Family Code. *See* Tex. Fam. Code § 9.014 (West Supp. 2012). Finally, Janna argues that the trial court abused its discretion by refusing to award attorney's fees because her attorney's fees were allowable under the Divorce Decree.

Attorney's fees may not be recovered unless authorized by statute or contemplated in a contract between the parties. *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992). "Absent a mandatory statute, a trial court's jurisdiction to render a judgment for attorney's fees must be invoked by pleadings, and a judgment not supported by pleadings requesting an award of attorney's fees is a nullity." *State v. Estate of Brown*, 802 S.W.2d 898, 900 (Tex. App.—San Antonio 1991, no writ.). A party should identify the authority entitling it to attorney's fees in its pleadings. *See Bailey v. Rodriguez*, 351 S.W.3d 424, 427 (Tex. App.—El Paso 2011, no pet.); *O'Connell v. Hitt*, 730 S.W.2d 16, 18 (Tex. App.—Corpus Christi 1987, no writ). However, if a party fails to identify the authority, the party is still entitled to attorney's fees if he pleads facts which, if true, would entitle him to the relief sought. *Bailey*, 351 S.W.3d at 427; *O'Connell*, 730 S.W.2d at 18; *see also Mitchell v. LaFlamme*, 60 S.W.3d 123, 130 (Tex. App.—Houston [14th Dist.] 2000, no pet.) ("[I]f a party pleads facts which, if true, entitle him to the relief sought, he need not specifically plead the applicable statute in order to recover under it."). The key to determining whether a cause of action has been pleaded is whether there are sufficient allegations to give fair notice of the claim, not whether certain magic words are

used in certain portions of the petition. *See Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979); *Daniels v. Allen*, 811 S.W.2d 278, 280 (Tex. App.—Tyler 1991, no writ).

Section 157.167 of the Texas Family Code provides that "if the court finds that the respondent has failed to make child support payments, the court shall order the respondent to pay the movant's reasonable attorney's fees and all court costs in addition to the arrearages." Tex. Fam. Code Ann. § 157.167(a). The court may only waive the requirement that the respondent pay attorney's fees and costs if it states the reasons supporting that finding. *Id*. § 157.167(c). Medical support is an additional child-support obligation that may be enforced by any means available for the enforcement of child support. *See Id*. § 154.183(a); *In re A.L.S.*, 338 S.W.3d 59, 67 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). Here, even within the Divorce Decree, the "Medical Support" obligation was characterized as "Additional Child Support."

Janna pleaded seven claims under a section of her original petition entitled: "Unreimbursed Medical Expenses." Violation one states:

> Enforcement of Agreed Final Decree of Divorce (Child Support / Health Insurance)
>
> On or about August 22, 2008 and October 16, 2009, **JANNA RUSSELL** submitted receipts for medical expenses incurred and paid by **JANNA RUSSELL** to **DAVID CHRISTOPHER RUSSELL** via certified mail return receipt requested in the sum total of $2,449.32. Copies of said letters, their enclosures and proof of delivery are attached hereto and incorporated herein for all purposes and marked as Petitioner's Exhibit "B". **DAVID CHRISTOPHER RUSSELL** has failed to pay **JANNA RUSSELL** fifty-percent (50%) of the medical expenses incurred and paid by **JANNA RUSSELL**…. (50% is $1,224.66)[.]

All seven claims within this section contain a reference to child support. Janna also pleaded that it was necessary to secure the services of a licensed attorney to enforce and protect her rights and the rights of the child with respect to the enforcement of the Divorce

Decree. Further, Janna pleaded that Chris should be ordered to pay reasonable attorney's fees, expenses, and costs. These allegations are sufficient to give fair notice of the claim, despite her failure to specifically reference section 157.167 of the Family Code. *See Stoner*, 578 S.W.2d at 682; *Daniels*, 811 S.W.2d at 280.

The trial court found that Chris failed to reimburse Janna uninsured medical expenses incurred on behalf of the child in the amount of $1,224.00. The trial court concluded that Janna should be awarded judgment against Chris for that amount. Additionally, Janna put on evidence of attorney's fees. *See In re A.L.S.*, 338 S.W.3d at 67 (holding trial court did not abuse its discretion by failing to award attorney's fees without stating good cause because party presented no evidence whatsoever of reasonable attorney's fees incurred). The trial court did not give any reasons within its findings of fact and conclusions of law, or within its judgment, to support its failure to award reasonable attorney's fees to Janna. *See id.* § 157.167(c). Because the trial court found that Chris failed to make a child support payment, the trial court abused its discretion by failing to award attorney's fees without stating good cause. *See* Tex. Fam. Code Ann. §§ 154.183(a), 157.167(a), (c); *In re A.L.S.*, 338 S.W.3d at 67.

Chris contends Janna did not preserve error for recovery of attorney's fees pursuant to the statute because she did not specifically argue the application of section 157.167 in the trial court. *See* Tex. R. App. P. 33.1. However, in her petition, Janna specifically requested that the trial court award attorney's fees. Also, in her motion for new trial, she presented evidence regarding the reasonable and necessary fees incurred. Accordingly we conclude that error was properly preserved on this issue.

Chris also contends the trial court was not obligated to award attorney's fees pursuant to section 157.167 of the Family Code because he was not held to be in contempt. However, section 157.167 does not require that the trial court hold respondent in contempt before awarding attorney's fees. *See* Tex. Fam. Code Ann. § 157.167(a); *see also Gross*

*v. Gross*, 808 S.W.2d 215, 218–19, 222 (Tex. App.—Houston [14th Dist.] 1991, no writ). Under section 157.167, a finding that respondent failed to make child support payments authorizes the trial court to award movant's attorney's fees. Tex. Fam. Code Ann. § 157.167(a)

We sustain Janna's first issue on appeal.[1]

## B. Medical Payments

In her fourth issue, Janna asserts the trial court abused its discretion in failing to award her judgment for $166.78, the amount of an Aetna Insurance check that was to be given to Janna to reimburse her for out of pocket medical expenses paid for the child, but instead was kept by Chris. In her fifth issue, Janna asserts that the trial court abused its discretion in failing to award her judgment for $498.00, the amount of a COBRA payment made by Janna for medical insurance for the child. Janna contends these amounts are considered child support, and that the trial court has no discretion to reduce or modify a child support arrearage.

As previously stated, medical support is an additional child-support obligation that may be enforced by any means available for the enforcement of child support. *See Id*. § 154.183(a); *In re A.L.S.*, 338 S.W.3d at 67. A trial court's orders modifying child support and confirming child support arrearages are reviewed under an abuse of discretion standard. *Beck v. Walker*, 154 S.W.3d 895, 901 (Tex. App.—Dallas 2005, no pet.). A trial court abuses it discretion if it acts without reference to any guiding rules or principles. *In re G.L.S.*, 185 S.W.3d 56, 58 (Tex. App.—San Antonio 2005, no pet.) (citing *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990)). A trial court's failure to analyze or apply the

---

[1] Because we sustain Janna's first issue, we will not address her remaining issues regarding attorney's fees.

7

law correctly constitutes an abuse of discretion.  *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

In a nonjury trial, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony.  *Beck*, 154 S.W.3d at 901.  The trial court is the judge of the facts proved and the reasonable inferences to be drawn from those facts. *In re A.L.S.*, 338 S.W.3d at 66 ; *Beck*, 154 S.W.3d at 901.  A trial court does not abuse its discretion if it bases its decision regarding arrearages on conflicting evidence.  *See In re A.L.S.*, 338 S.W.3d at 66.  The fact finder may believe one witness and disbelieve another and resolve inconsistencies in any testimony.  *Id.*; *Eberle v. Adams*, 73 S.W.3d 322, 327 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).

"In rendering a money judgment, the court may not reduce or modify the amount of child support arrearages, but in confirming the amount of arrearages, may allow a counterclaim or offset as provided by this title."[2]  Tex. Fam. Code Ann. § 157.263(b-1) (West Supp. 2012).  A trial court is required to follow particular procedures in entering a final judgment in a proceeding seeking child support arrearages.  *In re G.L.S.*, 185 S.W.3d at 59.  First the trial court must tally the amount of the arrearage.  *Beck*, 154 S.W.3d at 903; *Lewis v. Lewis*, 853 S.W.2d 850, 854 (Tex. App.—Houston [14th Dist.] 1993, no writ).  "The trial court has no authority to reduce or modify this amount in making this calculation."  *In re G.L.S.*, 185 S.W.3d at 59; *see also Beck*, 154 S.W.3d at 903; *Lewis*, 853 S.W.2d at 854. After this calculation is made, the final judgment is to be rendered only after considering offsets and counterclaims.  *Beck*, 154 S.W.3d at 903; *In re G.L.S.*, 185 S.W.3d at 59; *Lewis*, 853 S.W.2d at 854.  Here, Janna had the burden to establish the

---

[2] Janna cites to former section 157.262 of the Family Code for support.  While this case was pending on appeal, that section was repealed.  *See* Act of June 19, 2009, 81st Leg., ch. 538, § 2, 2009 Tex. Gen. Laws 1242, 1243, *repealed by* Act of June 17, 2011, 82nd Leg., ch. 508, § 24, 2011 Tex. Gen. Laws 1264, 1270 (eff. Sept. 1, 2011).

arrearage, and Chris had the burden to establish any applicable counterclaim or offset. *See Beck*, 154 S.W.3d at 903.

First, Janna argues that she established the $166.78 arrearage as a matter of law through Chris's testimony. During cross-examination by his own attorney, Chris stated the following:

> Q. [Chris's Trial Counsel:] Now, … one of the questions that was propounded upon you by [Janna's trial counsel] was Violation No. 7, had to do with a reimbursement check from Aetna in the amount of $166.78. Do you recall that line of questioning?
>
> [Chris:] Yeah, yes.
>
> Q. And according to the allegation, that check was received by you on September the 3rd. What -- when you received -- did you receive that check?
>
> A. Yes, I did.
>
> Q. Okay. When you received that check, was there anything on that check that indicated what it was a reimbursement for?
>
> A. No. I just assumed it was from my older son's broken leg because I had gotten many reimbursement checks because I had to pay for all of his medical emergency and all of that stuff. And I just assumed it was another check for him. So, I deposited it.
>
> Q. Did you do it willfully and intentionally trying to violate this Court's order?
>
> A. Oh, of course, not. I mean, had I known that's what that check was for...
>
> ….
>
> Q. [Chris's Trial Counsel:] Do you have any objection to paying that money to your former wife?
>
> A. Oh, of course, not. She's entitled to 100 percent of that, $166.
>
> Q. Have you deliberately and willfully withheld that money from her and knowingly violated a Court order?
>
> A. No. I'll be happy to write her a check right now if she wants me to.

By his own testimony, Chris conceded that he did in fact owe Janna the $166.78 for the medical expenses of their child and had not yet made that payment to Janna.

In his brief, Chris asserts that "when he learned he should have paid those monies to appellant, he offered to do so. Appellant did not accept this offer, but moved for contempt instead." Under the Family Code, a motion for enforcement may be filed to enforce a final order for child support. Tex. Fam. Code Ann. § 157.001. "A party requesting enforcement may join in the same proceeding any claim and remedy provided for in this chapter, other provisions of this title, or other rules of law." *Id.* at § 157.003(a) (West 2008). Thus, when Janna was not reimbursed within the time frame provided in the Divorce Decree, she could join that claim with other claims and pursue her legal remedies through the methods provided in the Family Code. *See id.* Her pursuit of such remedies did not alleviate Chris's obligation to pay the amount owed under the Divorce Decree. Further, Chris did not plead nor prove any applicable counterclaim or offset. *See Beck*, 154 S.W3d at 903. Therefore, it was an abuse of discretion for the trial court to fail to award Janna the arrearage of $166.78. *See In re G.L.S.*, 185 S.W.3d at 58. We sustain Janna's fourth issue.

Next, Janna argues that the $498.00 COBRA payment she made in November 2008 is also an arrearage established as a matter of law. She argues that even if Chris had coverage in place on September 1, 2008, he still failed to provide the insurance plan coverage details to her as required by the Divorce Decree. In pertinent part, the Divorce Decree provides:

> It is the intent and purpose of this ORDER that **DAVID CHRISTOPER RUSSELL** shall, as additional child support, provide as of September 1, 2008, medical support for the child and shall pay one hundred percent (100%) of the monthly premiums to insure **DAVID COLLIN RUSSELL** with the same or comparable health insurance to the COBRA policy currently in effect. IT IS THEREFORE ORDERED that **DAVID CHRISTOPHER RUSSELL** shall provide copy of plan benefits submitted on or before September 30, 2008 and shall pay one hundred percent (100%) of the monthly medical health insurance premiums for the benefit of the parties' child ….

10

....

> The Court finds that the child is currently enrolled in a health insurance plan through the employment or membership in a union, trade association, or other organization, as beneficiary of COBRA health insurance plan which is paid one-hundred percent (100%) by **JANNA RUSSELL** at a reasonable cost. IT IS ORDERED that if a comparable policy plan is not in place by September 1, 2008, then **DAVID CHRISTOPHER RUSSELL** is ORDERED to reimburse at the residence of **JANNA RUSSELL** and shall pay **JANNA RUSSELL** on the 1st day of each month beginning on September 1, 2008, as additional child support, the monthly COBRA health insurance premiums paid by **JANNA RUSSELL** for the benefit of **DAVID COLLIN RUSSELL**.

At the hearing, Chris testified that COBRA was no longer available for the "boys"[3] as of July 2008. Chris stated that his employer's insurance was not effective until September 1, 2008. He testified that from the end of June through September 1, 2008, he purchased insurance from "Esurance" for the boys. He further testified that the boys have been covered by his employer's insurance carrier—Aetna—since September 1, 2008. The trial court admitted into evidence pay stubs reflecting deductions from his pay for medical insurance, as well as his employment enrollment form for insurance coverage. On this form, Chris listed the boys as "Individuals Covered." This form indicates it was signed by Chris on June 10, 2008.

From this testimony, the trial court could have reasonably concluded that Chris had a comparable policy plan in place by September 1, 2008. *See Eberle*, 73 S.W.3d at 327. Thus, consistent with the Divorce Decree, the trial court could have also reasonably concluded that Chris did not have the obligation to reimburse Janna for the November COBRA payment. *See In re A.L.S.*, 338 S.W.3d at 66; *Beck*, 154 S.W.3d at 901. Therefore, we cannot conclude the trial court abused its discretion in failing to award Janna the $498.00 for the November COBRA payment.

---

[3] Janna and Chris have two children from their marriage, only one was a minor at the time of these proceedings.

11

We overrule Janna's fifth issue.

Having ruled on Janna's other issues, we decline to address her alternative issue number six, dealing with findings of fact and conclusions of law.

## <u>CONCLUSION</u>

We reverse that portion of the judgment denying an award to Janna of reasonable attorney's fees, and the amount of $166.78 plus prejudgment and post-judgment interest, and remand to the trial court for further proceedings consistent with this opinion. The remainder of the judgment is affirmed.

/s/  Margaret Garner Mirabal
    Senior Justice

Panel consists of Justices Seymore, Boyce, and Mirabal.[4]

---

[4] Senior Justice Margaret Garner Mirabal sitting by assignment.