# NO. 12-12-00158-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RACHEL HARTON,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *RANDY WADE,*<br>*APPELLEE* | § | *RUSK COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Rachel Harton (formerly Wade) appeals the trial court's post-divorce division of real property not divided in her divorce from Randy Wade. In two issues, Rachel contends that the trial court abused its discretion in making its post-divorce property division. We affirm.

## BACKGROUND

During their marriage, Randy and Rachel owned a rent-to-own business with locations in Henderson and Jacksonville. When they divorced in 2002, Rachel's counsel prepared the divorce decree that Randy, who was pro se, approved. The divorce decree divided the community property between the parties as follows:

| Rachel | Net Worth |
|---|---|
| Real Estate | $105,000.00 |
| Stocks & Mutual Funds | $165,000.00 |
| Personal Property | $ 49,200.00 |
| IRA | $ 94,000.00 |
| | $413,200.00 |

| Randy | Net Worth |
|---|---|
| Real Estate | $ 7,364.00 |
| Business (Henderson) | $ 98,000.00 |
| Business (Jacksonville) | $133,000.00 |
| | $238,364.00 |

In 2010, Rachel filed an amended petition, requesting a post-divorce division of the real property that had not been divided in the divorce decree. According to Rachel, the following community property owned by the parties remained undivided:

| Real Property | Net Worth |
|---|---|
| 503 N. U.S. 79, Henderson | $ 72,000.00 |
| 1412 S. Jackson, Jacksonville | $140,000.00 |
| Mineral Interest, Rusk County | unknown |

At the 2011 hearing in this case, Jose Feliciano, Jr., a certified financial consultant, testified that at the time of their 2002 divorce, Rachel and Randy agreed to the net worth values on all of the property shown above. Rachel testified that after reviewing a formula she discovered on the internet, she concluded the total net worth of the rent-to-own business was $648,528.00, rather than the $231,000.00 she agreed to in 2002. Additionally, Randy testified that at the time of the divorce, he borrowed $37,000.00 that he, in turn, paid to Rachel as part of their 2002 property division.

At the conclusion of the hearing, the trial court entered a decree dividing the Rusk County mineral interests equally between Rachel and Randy, and awarding the Henderson and Jacksonville real property to Randy. This appeal followed.

## PROPERTY DIVISION

In her first issue, Rachel contends that the trial court abused its discretion when it failed to follow the ratio of the property division made between the parties in 2002 to make a just and right post-divorce division of the undivided property. In her second issue, she argues that the trial court failed to divide the undivided real property in a just and right manner. We will consider these two issues together.

**Standard of Review**

We review a trial court's division of property under an abuse of discretion standard. ***Von Hohn v. Von Hohn***, 260 S.W.3d 631, 640 (Tex. App.—Tyler 2008, no pet.). A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. ***Id***. The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion occurred. ***Bailey v. Rodriguez***, 351 S.W.3d 424, 426 (Tex. App.—El Paso 2011, no pet.). An abuse of discretion does not occur when the trial court bases its decisions on conflicting evidence or as long as some evidence of a substantive and probative character exists to support the trial court's decision. ***Id***.

However, in family law cases, the abuse of discretion standard of review overlaps with the traditional sufficiency standards of review and, as a result, legal and factual sufficiency are not independent grounds of reversible error. ***Granger v. Granger***, 236 S.W.3d 852, 856 (Tex. App.—Tyler 2007, pet. denied). Instead, they constitute factors relevant to our assessment of whether the trial court abused its discretion. ***Id***. Thus, in considering whether the trial court abused its discretion because the evidence is legally or factually insufficient, we apply a two-prong test: (1) did the trial court have sufficient evidence upon which to exercise its discretion; and (2) did the trial court err in its application of that discretion? ***Id***. We then consider whether, based on the evidence, the trial court made a reasonable decision. ***Id***.

**Applicable Law**

Section 9.203(a) of the Texas Family Code states as follows:

> (a) If a court of this state failed to dispose of property subject to division in a final decree of divorce or annulment even though the court had jurisdiction over the spouses or over the property, the court shall divide the property in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage.

TEX. FAM. CODE ANN. § 9.203(a) (West 2006). In a post-divorce partition of jointly held assets, the court has discretion to divide the assets in any manner that is just and reasonable. ***Wallace v. Fuller***, 832 S.W.2d 714, 715 (Tex. App.—Austin 1992, no writ); *see also* ***Haas v. Otto***, 392 S.W.3d 290, 292 (Tex. App.—Eastland 2012, no pet.) ("Postdivorce partition is an appropriate vehicle to address an undivided or overlooked asset."). "A presumption arises on appeal that the trial court correctly exercised its discretion in dividing property in a divorce proceeding, and the

burden rests on the appellant to show from the record that the division was so disproportionate, and thus unjust and unfair, as to constitute an abuse of discretion." *In re Marriage of Notash*, 118 S.W.3d 868, 874 (Tex. App.—Texarkana 2003, no pet.) (quoting *Grossnickle v. Grossnickle*, 935 S.W.2d 830, 836 (Tex. App.—Texarkana 1996, writ denied)).

**Analysis**

When the net worth of each of the community property assets awarded in the 2002 divorce and the 2011 post-divorce property division are combined, the total net worth awarded to Rachel and Randy in the divorce is as follows:

| **Rachel** | **Net Worth** |
|---|---|
| Original Division | $413,200.00 |
| Additional Cash | $  37,000.00 |
|  | $450,200.00 |

| **Randy** | **Net Worth** |
|---|---|
| Original Division | $238,364.00 |
| Additional Property | $212,000.00 |
|  | $450,364.00 |

The above evidence shows that when the awards to each party in the 2002 divorce decree and the 2011 post-divorce division of property are viewed as a whole, there is only $164.00 net worth difference between the total awards to Rachel and Randy. An indispensable element of community property is the joint ownership of or interest in such property by husband and wife. *See Gen. Ins. Co. of Am. v. Casper*, 426 S.W.2d 606, 609 (Tex. Civ. App.—Tyler 1968), *writ ref'd n.r.e. per curiam*, 431 S.W.2d 311 (Tex. 1968). Thus, if a husband and wife owned property jointly, then a starting place for the division of community property would be for each party to receive fifty percent of the marital estate. *See id*. Likewise, upon a spouse's death, the surviving spouse is the owner of the one-half interest of the community property due to the dissolution of the marriage. *See Jones v. State*, 5 S.W.2d 973, 975 (Tex. Comm'n App. 1928). Again, if upon dissolution of a marriage by death, the surviving spouse receives one-half of the community property, then the starting point when a marriage is dissolved by divorce would also be a fifty percent division of the community property. *See id.*; *Kreis v. Kreis*, 36 S.W.2d 821, 827 (Tex. Civ. App.–Amarillo 1931, writ dism'd w.o.j.) (surviving spouse has undivided one-half

4

interest in estate as owner); ***Phillips v. Parrish***, No. 01-96-00822-CV, 1997 WL 549227, at *7 (Tex. App.—Houston [1st Dist.] Aug. 29, 1997, writ denied) (not designated for publication) (husband and wife are tenants in common or joint owners if divorce decree fails to provide for division of community property).

Here, Rachel presented no evidence to show why the division of community property upon divorce should be anything other than a fifty percent split between the parties. Further, she cited no authority for the proposition that the trial court abused its discretion when it failed to follow the ratio used in the 2002 community property division. Finally, it was reasonable for the trial court to use the net worth values for the real property as determined by the parties in 2002 rather than the value Rachel used at the 2011 hearing. Because Rachel failed to overcome the presumption that the trial correctly exercised its discretion in dividing the property, we hold that the trial court did not abuse its discretion in awarding the real property located in Henderson and Jacksonville to Randy in its post-divorce property division. *See **In re Marriage of Notash***, 118 S.W.3d at 874. We overrule Rachel's first and second issues.

## DISPOSITION

Having overruled both of Rachel's issues, the judgment of the trial court is ***affirmed***.

JAMES T. WORTHEN
Chief Justice

Opinion delivered May 22, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 22, 2013**

**NO. 12-12-00158-CV**

**RACHEL HARTON,**
Appellant
V.
**RANDY WADE,**
Appellee

Appeal from the County Court at Law

of Rusk County, Texas. (Tr.Ct.No. 2002-06-382)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **RACHEL HARTON**, for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*