

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00111-CV

_____

IN THE INTEREST OF A.G.F.W., A MINOR CHILD

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 73,540

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Rustin Perot Wright, father of A.G.F.W., sought to modify a permanent injunction preventing him from entering A.G.F.W. or allowing A.G.F.W. to enter any martial arts or self-defense classes or competitions. Wright appeals the trial court's denial of the motion to modify and further appeals the imposition of attorney's fees against him. We affirm the judgment of the trial court.

I.     **Background**

A.G.F.W. was born to Ashley Brooke Forrest in 2004. The trial court entered an order adjudicating parentage and appointed Forrest and Wright as joint managing conservators of the child. Forrest was given the exclusive right to designate the primary residence of the child within Lamar or Denton County, Texas. A standard possession order was entered, giving Wright extended summer possession, with appropriate notice to Forrest.[1] From the age of three, A.G.F.W. was enrolled in and attended jujitsu classes in the summer while in possession of his father. When A.G.F.W. allegedly injured his neck in jujitsu in 2011, the trial court temporarily enjoined Wright from entering A.G.F.W. in any martial arts or self-defense classes or competitions.[2]

Martin Thomas Cutrell, M.D., testified at the temporary injunction hearing that he saw A.G.F.W. after the child was involved in a grappling match sometime after December 2010,

---

[1]Forrest was later married and is now Ashley Brooke Womack.

[2]A.G.F.W. was six years old when the temporary injunction was issued. The record indicates that a temporary restraining order was issued prior to the temporary injunction hearing, restraining Wright from permitting A.G.F.W. to participate in martial arts classes or competition. This order does not appear in the clerk's record. Further, counsel for Wright indicated at the temporary injunction hearing that a motion to dissolve the temporary restraining order was filed. This document likewise does not appear in the clerk's record.

when he was placed in a stranglehold by a ten-year-old child. A.G.F.W. experienced muscle spasms and pain in his neck; normal spinal curvature did not appear on the x-ray. A.G.F.W. underwent physical therapy that helped to relieve the problem.

Based on a reasonable medical probability, the neck injury was caused by A.G.F.W.'s participation in mixed martial arts. Cutrell expressed concern that greater injury, such as growth plate injury, suffocation-type injuries, neurologic injury, and cardiac rhythm disorder could occur with A.G.F.W.'s continued participation in this sport. The American Academy of Pediatrics does not condone participation in sports such as boxing and mixed martial arts by children. Cutrell recommended that A.G.F.W. temporarily cease participation in jujitsu to allow for his neck to recover.

The court ruled that A.G.F.W. could not participate "in any mixed martial arts this summer."[3] The court further indicated, however, that "[i]f you want to get him back in it next summer . . . we'll have another hearing on it and we'll talk about it." In December 2011, Wright appeared pro se in the trial court seeking to dismiss the temporary injunction.[4] Wright testified that A.G.F.W. had never been hurt doing jujitsu and that he wanted his son to have the opportunity to participate in a sport that he enjoys. Rather than dismissing the temporary

---

[3]This ruling was made from the bench. A written order was later issued.

[4]The trial court admitted evidence offered by Wright, consisting of an affidavit with letters by Shane M. Miller, M.D., and Charles S. Dunlap, M.D., A.G.F.W.'s pediatricians in Plano. These letters do not appear in the record.

injunction, the court signed an order making the injunction permanent.[5] The trial court indicated that Wright was free to file a motion to modify the permanent injunction in the future.

In July 2012, Wright filed a motion to modify the permanent injunction, alleging A.G.F.W. had fully recovered from any neck injury that he may have sustained. Attached to the motion to modify were two business records affidavits. The first affidavit was from Pediatric Associates of Dallas, consisting of two pages of records from Dunlap. These records indicate that Dunlap performed a routine physical examination of A.G.F.W. in June 2012, which revealed the child to be "completely healthy with no current medical problems or recent injuries." These records also include Dunlap's opinion that A.G.F.W. "may participate in age appropriate martial arts activities if he so chooses at this time."

A.G.F.W. was also seen by Dr. Miller at Children's Medical Center in July. Miller's report—attached to the motion to modify along with a business records affidavit—indicates that A.G.F.W. was last seen in the clinic in April 2011 "regarding neck complaints. He has been doing well since that time and is no longer complaining of any neck pain. . . . No radiation, numbness, weakness, or paresthesias [was] reported. . . . From a medical standpoint, his cervical strain has resolved. He does not have any restrictions on athletic participation and is cleared to participate in sports." Miller further stated, "[A.G.F.W.] does not express desire to participate in, nor does he express enjoyment from martial arts at this point in time and my recommendation is that he does not participate in martial arts based on these facts."

---

[5]The permanent injunction prohibited Wright from "[e]ntering the child, [A.G.F.W.], or allowing the child, [A.G.F.W.], to enter any martial arts or self[-]defense classes or competition. This injunction is effective immediately and shall continue in force and effect until further order of this Court."

A hearing was conducted on the motion to modify in September 2012. The only witness that was called to testify at the hearing was Stuart Johnson, a jujitsu instructor at Alan Moulders' Martial Arts Studio where A.G.F.W. was previously a student. Johnson testified that jujitsu emphasizes honesty, integrity, modesty, perseverance, and an indomitable spirit. He testified that A.G.F.W. never participated in cage fighting. Wrestling is done on mats, under supervision. The sport does not involve punching, elbowing, or kicking. The object is to take each other to the ground and to force the opponent into submission. As an instructor, Johnson will stop a match when he observes something that could injure the child. Likewise, competition referees watch closely to ensure that the children are careful while they are grappling. Johnson stated that he was aware of no reason why A.G.F.W. should not participate in martial arts, but he conceded that he had no medical knowledge regarding A.G.F.W.'s alleged injury. He further conceded that sometimes children are injured while participating in jujitsu. Brazilian jujitsu, the type of martial arts Johnson teaches and the type taken by A.G.F.W., teaches joint manipulation. Joint manipulation involves "putting a joint in such a position and putting pressure on it [so] that it causes the other person to tap."

The court denied Wright's motion to modify the injunction.[6] Counsel for Womack then requested an award of attorney's fees because, "We've been back twice now." While Womack's counsel testified that attorney's fees totaled $1,500.00, the trial court awarded fees in the amount of $500.00.

_____

[6]The trial court entered a written order in December 2012 denying the motion to modify.

5

In November 2012, the trial court entered findings of fact and conclusions of law. In its findings, the trial court indicated that "[m]ovant called one witness to testify at the trial on September 28, 2012. Movant's one witness was not qualified to give a medical opinion." The court concluded that "[a] change in circumstances warranting a modification of the existing injunction does not exist."

## II. Analysis

### (a) Standard of Review

A trial court's modification order in a family law case is reversed only when it appears from the record as a whole that the trial court abused its discretion. *Wolford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam). Under this standard, legal and factual sufficiency are not independent grounds for asserting error, but are relevant factors in determining whether the trial court abused its discretion. *Niskar v. Niskar*, 136 S.W.3d 749, 753 (Tex. App.—Dallas 2004, no pet.); *In re Davis*, 30 S.W.3d 609, 614 (Tex. App.—Texarkana 2000, no pet.). A trial court has broad discretion to determine the best interest of a child in family law matters. *Worford*, 801 S.W.2d at 109 (child support); *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982) (custody, control, possession, visitation); *In re A.L.E.*, 279 S.W.3d 424, 427 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (conservatorship). A trial court abuses its discretion when it acts arbitrarily or unreasonably or when it clearly fails to correctly analyze or apply the law. *See In re D.S.*, 76 S.W.3d 512, 516 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

6

*(b)     Changed Circumstances*

A trial court may modify a permanent injunction upon a showing of changed circumstances.[7] *Smith v. O'Neill*, 813 S.W.2d 501, 502 (Tex. 1991) (per curiam). Changed circumstances are conditions that either alter the status quo after the issuance of an injunction or make an injunction unnecessary or improper. *See Chase Manhattan Bank v. Bowles*, 52 S.W.3d 871, 879 (Tex. App.—Waco 2001, no pet.). The party seeking modification has the burden of demonstrating that circumstances require modification of the injunction. *City of Seagoville v. Smith*, 695 S.W.2d 288, 289 (Tex. App.—Dallas 1985, no pet.).

Here, Wright contends the changed circumstances warranting modification were presented to the trial court as newly revealed facts demonstrating that A.G.F.W. had no neck injury and had not had one since April 2011. Wright relies on his own affidavit attached as an exhibit to the motion to modify. This affidavit indicates that A.G.F.W. is seven years old and plays soccer, baseball, basketball, and flag football. The affidavit also discusses the beneficial effects of participation in martial arts as well as reports Wright received from A.G.F.W.'s physicians. This affidavit was not, however, introduced as evidence at the hearing on the motion to modify and, therefore, cannot be considered on appeal.[8] *See Celadon Trucking Servs.*, *Inc. v. Titan Textile Co.*, 130 S.W.3d 301, 307 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (summary judgment affidavits and evidence not admitted at trial could not be considered on appeal).

---

[7]We do not review the propriety of the grant of the temporary or permanent injunctions.

[8]Wright did not testify at the modification hearing.

Wright further claims the trial court incorrectly refused to acknowledge medical evidence attached to the motion to modify. This evidence, as previously discussed, indicates A.G.F.W. is no longer suffering from a neck injury and is cleared to participate in sports. This information is included in medical records attached to business records affidavits from Children's Medical Center and Pediatric Associates of Dallas. The affidavits and records were attached to the motion to modify. Medical records may, under certain circumstances, be admitted into evidence with appropriate affidavits pursuant to Rules 803(6) and 902(10) of the Texas Rules of Evidence. TEX. R. EVID. 803(6), 902(10).[9] Even so, such records must nevertheless be offered into evidence and admitted by the trial court. Although the affidavits and medical records were attached to Wright's motion to modify, they were not introduced into evidence at the modification hearing. The attachment of the affidavits and records to the motion does not replace the requirement that evidence must be offered and received into evidence by the trial court. *See generally* TEX. R. EVID. 103.

The trial court specifically found that the sole witness at the hearing was not qualified to give a medical opinion and concluded that a change in circumstances warranting modification did not exist. The trial court made no findings or conclusions regarding the information in A.G.F.W.'s medical records. Because this evidence was not introduced at the hearing, we may not consider it on appeal. *See Noble Exploration*, *Inc. v. Nixon Drilling Co.*, 794 S.W.2d 589, 592 (Tex. App.—Austin 1990, no pet.) (contract attached to reply to motion for partial summary judgment not introduced into evidence at trial could not be considered on appeal); *see also*

---

[9]Because it is not necessary to our resolution of this appeal, we do not decide the issue of compliance with these Rules.

*Paselk v. Rabun*, 293 S.W.3d 600, 612 (Tex. App.—Texarkana 2009, pet. denied). In short, Wright presented no evidence of changed circumstances warranting modification of the permanent injunction.[10]

We find no abuse of discretion and uphold the judgment of the trial court in sustaining the injunction.

*(c)     Attorney's Fees*

Wright claims the trial court abused its discretion in ordering him to pay Womack's attorney's fees in the amount of $500.00. Wright claims that because the trial court specifically indicated, on two different occasions, that he could request a new hearing or a modification of the injunction, he should not have been ordered to pay fees for requesting hearings he was permitted to request. Wright analyzes the grant of attorney's fees as sanctions. There is no indication in the record to support this contention.[11] The trial court did not specify its reasons for

---

[10]Even assuming the medical records were properly before the trial court and were considered, we find no abuse of discretion in the court's decision to maintain the permanent injunction. The injunction was initially granted based on medical testimony from Cutrell. Aside from his testimony regarding a neck injury, Cutrell also testified that he was concerned that greater injury, such as growth plate injury, suffocation-type injury, neurologic injury, or cardiac rhythm disorder could occur with A.G.F.W.'s continued participation in this sport. Nothing in the medical records attached to the motion to modify addresses this concern. Although Miller's records indicate that A.G.F.W.'s neck injury had resolved, he nevertheless recommended that A.G.F.W. not participate in jujitsu because A.G.F.W. did not wish to so participate. Dunlap stated, "A.G.F.W. can participate in sports and physical activities of his choosing at this time. The focus needs to be on having fun and on developing skills. . . . If new injuries or problems occur, I am more than happy to examine him or have him re-evaluated by Dr. Miller." Assuming this evidence was reviewed and considered, the trial court did not find a sufficient demonstration of changed circumstances requiring a modification.

[11]Counsel for Womack requested attorney's fees because, "We've been back twice now." Wright interprets the grant of attorney's fees "as sanctions against Wright for filing the Motion to Modify" under Rule 13 of the Texas Rules of Civil Procedure and/or under Chapter 10 of the Texas Civil Practice and Remedies Code. *See* TEX. R. CIV. P. 13; TEX. CIV. PRAC. & REM. CODE ANN. §§ 10.001–.006 (West 2002). Wright then analyzes the propriety of sanctions under each provision. We do not believe such analysis is correct. Even though the trial court awarded attorney's fees after brief testimony regarding reasonable and necessary fees, the court did not conduct a sanctions analysis under Rule 13 or Chapter 10 of the Texas Civil Practice and Remedies Code.

awarding attorney's fees; instead, it simply found that "[t]he Respondent incurred, and is entitled to collect from the Movant, reasonable and necessary attorney's fees totaling $500.00."

Wright's sanctions analysis ignores Section 106.002 of the Texas Family Code, which provides that a court may render judgment for reasonable attorney's fees in a suit affecting the parent-child relationship. TEX. FAM. CODE ANN. § 106.002(a) (West 2008); *see Bailey v. Rodriguez*, 351 S.W.3d 424, 427 (Tex. App.—El Paso 2011, no pet.); *see also In re Pecht*, 874 S.W.2d 797, 803 (Tex. App.—Texarkana 1994, no writ) (holding reasonable attorney's fees may be awarded as costs in any suit affecting parent-child relationship and decision to award such fees within discretion of trial court). Entitlement to a discretionary award of attorney's fees, however, requires that the movant affirmatively plead for them unless the issue is waived or tried by consent. *Pecht*, 874 S.W.2d at 803. Womack did not file a reply to the motion to modify and did not otherwise affirmatively plead for attorney's fees. Here, the issue of attorney's fees was tried by consent.[12]

While this matter involves an injunctive proceeding, it is directly connected with the trial court's finding of paternity and with its findings in the agreed order in suit to modify the parent-

---

[12]After Wright's closing remarks, the following exchange took place:

> [Counsel]: Is there an opening for attorney's fees? We've been back twice now.
>
> THE COURT: Yeah, probably. You want to testify to some?
>
> [Counsel]: Yeah, I'll testify.

No objection to the testimony regarding attorney's fees was interposed.

child relationship.[13]  Therefore, the trial court's fee award was proper under Section 106.002(a) of the Texas Family Code.  TEX. FAM. CODE ANN. § 106.002(a).  We find no abuse of discretion in the award of attorney's fees.[14]

## III.   Conclusion

We affirm the judgment of the trial court.


Bailey C. Moseley
Justice


Date Submitted:      June 5, 2013
Date Decided:        June 6, 2013

---

[13]In March 2010, the trial court entered an agreed order in suit to modify parent-child relationship ordering that both Womack and Wright remain joint managing conservators of A.G.F.W. and setting forth the rights of the parties relative to the child (modifying standard possession order).

[14]Counsel for Womack testified that he has been a licensed attorney since 2004 practicing in the area of family law and that his hourly rate was $250.00 per hour.  Counsel also outlined the work undertaken with respect to the motion to modify and asked for attorney's fees in the amount of $1,500.00.  The trial court set attorney's fees at $500.00.