📧 Send this document to a colleague                    Close This Window

**Affirmed in Part and Reversed and Remanded in Part and Opinion filed March 1, 2011.**

In The

# Fourteenth Court of Appeals

### NO. 14-10-00245-CV

### IN THE INTEREST OF A.L.S., M.B.S., B.P.S. AND F.J.S.

**On Appeal from the 245th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1984-08635**

## O P I N I O N

Appellant Robin Brown, appearing *pro se*, raises seven issues on appeal from a judgment for child-support arrearage. In two issues, Brown, the obligee, contends the trial court abused its discretion when it calculated the child-support arrearage owed by Michael Stackhouse, the obligor, because the evidence is insufficient to support the amount of arrearage ordered and the trial court failed to include additional child support in the form of medical support awarded in 1990. Brown also contends in three issues that the trial court abused its discretion by failing to award pre- and post-judgment interest and attorney's fees on the judgment, and by staying an administrative writ of withholding. In her sixth issue, Brown contends the Attorney General's Office ("OAG") acted outside its statutory authorization by actively pursuing forgiveness of child support owed by Stackhouse. Finally, in her seventh issue, Brown challenges a 1990 child-support modification requiring her to obtain medical insurance rather than granting her request for contempt. We find merit in Brown's complaints concerning the trial court's failure to include the previously ordered medical support as child support, and the trial court's failure to award pre-judgment interest on the child-support arrearage found, and therefore we reverse and remand in part and affirm the remainder.

I

In 1985, Brown and Stackhouse were divorced. They had four children. [1] In the divorce decree, Stackhouse was ordered to pay $400.00 per month in child support. He also was required to maintain medical insurance for the children.

On March 14, 1990, on Brown's motion, the trial court modified Stackhouse's child-support obligation. Under the modification order, Stackhouse was required to pay $565.00 per month for four children with the following step-down as the children graduated from high school or otherwise became ineligible for child support: $323.00 per month for three children, $201.00 per month for two children, and $161.00 per month for one child. The order also required Brown to carry medical and health insurance and Stackhouse to pay 158.00 per month "as additional child support for such insurance":

ADDITIONAL SUPPORT

As additional child-support, IT IS ORDERED AND DECREED that [Brown] shall purchase, and as long as child support is payable under the terms of the order, maintain in full force and effect, at her sole cost and expense, medical and health insurance coverage for the children. As additional child support for such insurance, IT IS FURTHER ORDERED that [Stackhouse], as long as child support is payable under the terms of this order, and in addition to any child-support ordered under the section of this order entitled "support", shall pay to [Brown] the sum of $158.00 per month, payable in two monthly installments of $79.00 each, with the first payment being due [and] payable on March 1, 1990, the second payment being due and payable on March 15, 1990, and like payments being due and payable on the 1st and 15th of each month thereafter.

Brown filed a "Motion for Judgment Nunc Pro Tunc" to correct errors in the March 14, 1990 modification order. Apparently, a hearing was held on the motion on October 16, 1990, and the trial court granted the motion. The judgment nunc pro tunc ordered Stackhouse to pay $565.00 per month for four children with the following step-down provisions: he was ordered to pay $484.00 for three children, $404.00 per month for two children, and $323.00 per month for one child. The remainder of the March 14, 1990 order, including the medical support [2] ordered, was unchanged.

In 2006, Brown sought Title IV-D services from the OAG. In January 2007, the OAG issued an administrative writ of withholding to Stackhouse's employer, the Houston Independent School District ("HISD"), and began withholding money from Stackhouse's pay. In response, Stackhouse filed a petition to terminate the administrative writ of withholding and to recover child support made in excess of the child-support order. Brown counter-petitioned to

confirm a child-support arrearage.

At a hearing on Stackhouse's petition to terminate the administrative writ of withholding, Stackhouse testified that because Brown failed to purchase medical insurance for the children as the March 14, 1990 modification order required, he did not pay the $158.00 per month in medical support. He also testified that he had provided health insurance for the children since at least 1994. Brown testified that she never obtained medical insurance for the children because she lacked access to group health insurance. She also testified that Stackhouse did not allow his children to access any medical-insurance coverage and that she paid for all of their medical expenses. During the hearing, the trial court expressed the view that Stackhouse was not required to pay the medical support because Brown did not provide health insurance as ordered. Based on this conclusion, and noting that the evidence left the amount of arrearage uncertain, the trial court ordered the administrative writ vacated.

In May 2009, the OAG filed a motion for clarification and motion to confirm child-support arrearage, alleging that Stackhouse had accrued $2,319.98 in child-support arrearage and $27,630.26 in medical-support arrearage. [3] The OAG and Stackhouse appeared for a hearing on the OAG's motion in July, but Brown did not appear. At the start of the hearing, the trial court announced that, because Brown was not present, she was in default and all of her claims were dismissed. The OAG then questioned Stackhouse concerning his child-support payments, and Stackhouse testified that he owed no child-support and no medical-support arrearages. Stackhouse and the OAG stipulated that the 1990 order required Brown to carry the health insurance and for Stackhouse to reimburse her, and Stackhouse confirmed that Brown had not purchased health insurance for the children, but he had. Stackhouse also testified that he had overpaid child support and asked the trial court to reimburse him the money held by the OAG. At the conclusion of the hearing, the OAG argued that the trial court should issue a take-nothing judgment on arrearages on both child support and medical support on equity grounds. The trial court ruled that Stackhouse owed no arrearage, the OAG's office was to return any money held to him, and there should be no further withholding of any money. [4]

The trial court rendered a default judgment against Brown. Brown moved to set aside the default judgment and for new trial, and the trial court granted her motion.

Brown then moved to affirm the amount of child support Stackhouse owed, and in October and November 2009, the trial court held a hearing on her motion. The OAG also

3

appeared at the hearing. All of the parties submitted exhibits, but for the most part the parties did not refer to them. At the hearing, Brown asked Stackhouse whether he missed any child-support payments, and Stackhouse testified that he "missed some payments" but he "made them up." Brown testified that she was not paid some or all of 147 ordered child-support payments, but she did not testify as to a total amount she claimed was unpaid. She again testified that Stackhouse did not pay the medical support of $158.00 per month and he did not provide access to any insurance for the children. She also admitted that she never obtained medical insurance for her children. Stackhouse testified that he obtained medical insurance for the children in June 1994 and the children had used the insurance, but he did not know the total amount he had paid for the insurance. In response to the OAG's questions,[5] Brown testified that she was seeking a judgment for child-support and the medical support of $22,866.94, plus pre- and post-judgment interest and attorney's fees. She also testified that the OAG's exhibits did not correctly account for the amount of child support owed and interest. In closing argument, Stackhouse's attorney argued that, at most, Stackhouse owed $1,756.87 in child-support arrearage.[6]

On December 18, 2009, the trial court signed a judgment for child-support arrearage awarding Brown $1,756.87 in child-support arrears and $0 in medical-support arrears, and providing for post-judgment interest of six percent and a penalty of $50.00 per day if the judgment was not paid by November 12, 2009. This appeal followed.

II

We first address Brown's issues concerning the trial court's judgment awarding $1,756.87 in child-support arrearage and no medical-support arrearage. In her first issue, Brown contends the trial court abused its discretion in calculating the child-support arrearage because the evidence is insufficient to support the trial court's conclusion. In her third issue, she contends that the trial court abused its discretion when it found Stackhouse owed no medical-support arrearages. We address each in turn.

A

Generally, we review the trial court's award of child support for abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Beck v. Walker*, 154 S.W.3d 895, 901 (Tex. App.—Dallas 2005, no pet.). A trial court abuses its discretion when it acts without reference to any guiding rules or principles, or when it fails to analyze or apply the law

4

correctly. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Under the abuse-of-discretion standard, sufficiency of the evidence is not an independent ground of error, but is a factor in assessing whether the trial court abused its discretion. *Beck*, 154 S.W.3d at 902; *London v. London*, 94 S.W.3d 139, 143–44 (Tex. App.—Houston [14th Dist.] 2002, no pet.). When, as here, the trial court does not file findings of fact and conclusions of law, we imply that the trial court made all findings necessary to support the judgment and will uphold those findings if supported by sufficient evidence. *Chenault v. Banks*, 296 S.W.3d 186, 189 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *Beck*, 154 S.W.3d at 902.

In calculating child-support arrearages, however, the trial court's discretion is very limited. *Chenault*, 296 S.W.3d at 189. Although the trial court can award certain offsets and credits, the trial court has no discretion to forgive or decrease a past child-support obligation. *Id.* Thus, in a proceeding to confirm child-support arrearages, the trial court's child-support calculations must be based on the payment evidence presented, not the trial court's assessment of what is fair or reasonable. *Id.* at 190. However, a money judgment for arrearages rendered by the trial court may be subject to a counterclaim or offset as provided by Title 5 of the Family Code. Tex. Fam. Code § 157.262(f).

B

Brown first argues that the evidence is insufficient to support the trial court's judgment awarding child-support arrearage of $1,756.87. In response, Stackhouse contends that Brown wholly failed to meet her burden to present credible evidence of an arrearage and that he presented sufficient evidence of the amount of arrearage. The OAG agrees with Stackhouse that the evidence supports the trial court's judgment on the amount of child-support arrearage awarded.

In her brief, Brown discusses in detail the similarities and differences among the parties' calculations, and faults the trial court for making mistakes in calculating the amount of child-support arrearage and for making "equitable adjustments." But she also concedes that, at the hearing on her motion, "Stackhouse claimed the $1,756.87 in arrearage he computed was based on the judgment nunc pro tunc." Stackhouse also testified that he had been behind in his child-support payments, but he "made them up." In contrast, Brown testified that Stackhouse had

failed to pay some or all of a number of child-support payments, but she never testified to a specific amount Stackhouse allegedly failed to pay (as distinct from the medical-support arrearage claimed), and she offered no testimony concerning her exhibits. She did testify, at the conclusion of the hearing, that she was seeking a judgment for child support and the medical support of $22,866.94, exclusive of interest and attorney's fees. Thus, the evidence concerning the amount of child support Stackhouse had failed to pay was conflicting.

The burden is on the movant seeking enforcement to prove the amount of arrearage due. *George v. Jeppeson,* 238 S.W.3d 463, 474 (Tex. App.—Houston [1st Dist.] 2007, no pet.). The trial court does not abuse its discretion if it bases its decision to award arrearages on conflicting evidence and some evidence supports its decision. Consistent with the abuse-of-discretion standard that controls our review, we must defer to factual resolutions by the trial court that derive from conflicting evidence, as well as any credibility determinations that may have affected those resolutions, and we may not substitute our judgment for that of the trial court. *Id.* Here, the trial court found that the evidence was insufficient to support any judgment above the $1,756.87 Stackhouse claimed was owed. Because there is some evidence to support the trial court's award, we cannot say the trial court abused its discretion. Therefore, we overrule Brown's first issue.

C

In her third issue, Brown contends that the trial court erred in forgiving Stackhouse's obligation to pay the medical support of $158 per month awarded in the March 14, 1990 modification order based on Brown's failure to purchase medical insurance for the children. Brown takes the position that the order requires Stackhouse to pay this additional child support independently of her obligation to obtain medical insurance. Brown also contends that Stackhouse gave conflicting testimony concerning the periods of time the children were actually covered, and in any event, he did not plead or prove any right to an offset or reimbursement permitted under the Family Code.

In response, Stackhouse asserts that Brown "is complaining that although she failed to provide insurance for the minor children she should be paid the cost for such anyway." Stackhouse maintains that the "logical interpretation" of the order is that his obligation to pay the additional support was contingent upon Brown obtaining a policy, and he was to reimburse Brown's expenses for the insurance. Stackhouse also contends he presented evidence that he

carried and paid for medical insurance for the children directly, and he was therefore entitled to an offset under Family Code section 157.008(a).

The OAG agrees with Brown that the trial court abused its discretion when it found and confirmed that Stackhouse owed no medical-support arrearages. The OAG further asserts that Stackhouse presented no evidence to support his entitlement to any statutory offset. We conclude that Brown and the OAG are correct.

Medical support is an additional child-support obligation that may be enforced by any means available for the enforcement of child support. *See* Tex. Fam. Code § 154.183(a). As discussed above, the March 14, 1990 modification order imposed a medical-support obligation, characterized as additional child support, as follows:

> As additional child-support, IT IS ORDERED AND DECREED that [Brown] shall purchase, and as long as child support is payable under the terms of the order, maintain in full force and effect, at her sole cost and expense, medical and health insurance coverage for the children. As additional child support for such insurance, IT IS FURTHER ORDERED that [Stackhouse], as long as child support is payable under the terms of this order, and in addition to any child-support ordered under the section of this order entitled "support", shall pay to [Brown] the sum of $158.00 per month, payable in two monthly installments of $79.00 each, with the first payment being due [and] payable on March 1, 1990, the second payment being due and payable on March 15, 1990, and like payments being due and payable on the 1st and 15th of each month thereafter.

This order obligated Brown to obtain medical insurance for the children, and it obligated Stackhouse to pay a monthly amount as additional child support "for such insurance." Stackhouse was also obligated to continue to pay the monthly amount "as long as child support is payable under the terms of this order, and in addition to any child-support ordered under the section . . . entitled 'support.'" The order contains no language making Stackhouse's obligation to pay contingent upon Brown's purchase of medical insurance. Nor is there any language permitting Stackhouse to purchase insurance for the children himself rather than make the monthly payment to Brown. Stackhouse admitted he did not pay the medical support ordered. Therefore, the trial court abused its discretion to the extent that it concluded that Brown's failure to obtain medical insurance for the children extinguished Stackhouse's obligation to pay the medical support ordered.

Additionally, Stackhouse was not entitled to either a statutory or an equitable offset. Stackhouse had the burden of establishing any statutory counterclaim or offset. *See Beck*, 154

7

S.W.3d at 903. Stackhouse contends he was entitled to an offset under Family Code section 157.008, which provides, among other things, that a child-support obligor who has provided actual support to a child during a time subject to an affirmative defense under this section may request reimbursement for that support as a counterclaim or offset. Tex. Fam. Code § 157.008 (d). Stackhouse asserts that the evidence showed that he carried and paid for medical insurance directly. But Stackhouse did not plead that he was entitled to an offset under section 157.008, he did not make this argument at trial, and he points to no evidence that he provided actual support "during a time subject to an affirmative defense" under section 157.008. *Id.*[7] Therefore, Stackhouse is not entitled to an offset under this section. And, to the extent the trial court considered payments Stackhouse may have made for the children's insurance an "equitable offset" not authorized under the Family Code, the trial court abused its discretion. *See Beck*, 154 S.W.3d at 905 (holding that trial court was not authorized to consider an equitable offset with regard to child-support arrearages); *see also* Tex. Fam. Code § 157.262(a).

We hold that the trial court abused its discretion in finding that Stackhouse owed no arrearage for unpaid medical support and we sustain Brown's third issue. Accordingly, we reverse and remand to the trial court to determine the amount of medical-support arrearage owed, as well as any interest, attorney's fees, and costs to which Brown may be entitled in connection with an award of medical-support arrearage.

III

In her second issue, Brown contends that the trial court abused its discretion when it failed to award pre- and post-judgment interest on the child-support arrearage judgment of $1,756.87. In response, Stackhouse contends that the trial court did abuse its discretion because Brown presented no evidence from which interest could be calculated. The OAG points out that the trial court did order post-judgment interest, but contends that Brown's request for prejudgment interest is untimely.

A

The Texas Family Code provides that interest accrues on unpaid child support. Tex. Fam. Code § 157.265. According to the statute, that interest becomes part of the child-support obligation. *Id.* § 157.267 ("Accrued interest is part of the child-support obligation and may be enforced by any means provided for the collection of child support."). When a trial court

confirms an arrearage, it must render one cumulative money judgment which includes the accrued interest on the arrearage. *Id.* § 157.263. As with child-support arrearages, the trial court also has no discretion to modify, forgive, or make equitable adjustments in awarding interest on child-support arrearages. *Chenault*, 296 S.W.3d at 189. In determining the amount of accrued interest, the trial court acts as "a mere scrivener" and has no discretion to deviate from the Family Code's dictates. *In re M.C.R.,* 55 S.W.3d 104, 109 (Tex. App.—San Antonio 2001, no pet.) (citing *Lewis v. Lewis,* 853 S.W.2d 850, 854 (Tex. App.—Houston [14th Dist.] 1993, no writ)).

B

In its judgment, the trial court awarded Brown post-judgment interest if Stackhouse did not pay the judgment by the specified date. However, the court awarded no pre-judgment interest. Brown pleaded for pre- and post-judgment interest and requested it at the hearing on her motion. Although Stackhouse contends Brown is not entitled to pre-judgment interest because she presented no evidence to support her request, this circumstance does not deprive Brown of her right to interest. *See Chenault*, 296 S.W.3d at 193. Awarding interest on child-support arrearages is mandatory, and the trial court has no discretion to not award the full amount of interest due. *Id.* In *Chenault*, the trial court failed to award interest on the child-support arrearage found, concluding that the interest was "uncertain" and "incapable of calculation due to the facts of the case." *Id.* This court disagreed, concluding that interest on child-support arrearages "is inherently calculable because an arrearages determination must be based on specific unfulfilled child[-]support obligations." *Id.* Further, this court instructed that "[d]etermining the date and amount of the unpaid obligation is necessary to calculate both the arrearage and the interest." *Id.*

The trial court concluded that Stackhouse was in arrears on child support in the amount of $1,756.87. The trial court was therefore required to determine the date of the unpaid obligation and to calculate the pre-judgment interest accordingly. *See id.* at 192–93. Accordingly, the trial court erred in failing to award pre-judgment interest on the child-support arrearage. We therefore sustain Brown's second issue.

IV

In her fourth issue, Brown contends the trial court abused its discretion by failing to award attorney's fees and costs after finding that Stackhouse failed to make child-support

9

payments. Stackhouse responds that Brown presented no evidence of attorney's fees. The OAG contends that, because the trial court found that Stackhouse had failed to make child-support payments, it was required to state the reasons supporting its finding that Stackhouse was not required to pay Brown's attorney's fees, and failing that, the trial court abused its discretion.

Family Code section 157.167 requires a trial court to order the respondent to pay the movant's reasonable attorney's fees if the court finds that the respondent has failed to make child-support payments. Tex. Fam. Code § 157.167(a). For good cause shown, a trial court may waive the required award of attorney's fees if the court states the reasons supporting its finding of good cause. *Id.* § 157.167(c). Here, the trial court found that Stackhouse failed to make child-support payments, but did not award Brown any attorney's fees and did not state on the record or in its order any reasons supporting a finding of good cause to waive the required award of attorney's fees.

The trial court did not abuse its discretion in failing to award attorney's fees or failing to state good cause for waiving the required attorney's fees in this case, however, because Brown presented no evidence whatsoever of any reasonable attorney's fees incurred. The party seeking to recover attorney's fees carries the burden of proof. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991). An award of attorney's fees must be supported by evidence. *Hardin v. Hardin*, 161 S.W.3d 14, 24 (Tex. App.—Houston [14th Dist.] 2004, pet. granted, judgm't vacated w.r.m.); *In re C.Z.B.*, 151 S.W.3d 627, 635 (Tex. App.—San Antonio 1994, no pet.). A party with the burden of proof who fails to produce evidence of attorney's fees waives her right to those fees. *See Intercontinental Group P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 658–59 (Tex. 2009). An award of zero fees is therefore appropriate. *See Cale's Clean Scene Carwash, Inc. v. Hubbard,* 76 S.W.3d 784, 787 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("[A] zero award for attorney's fees [is] proper if the evidence . . . failed to prove (a) that any attorney's services were provided; or (b) the value of the services provided."); *cf. Dilston House Condo. Ass'n v. White,* 230 S.W.3d 714, 718 (Tex. App.—Houston [14th Dist.] 2007, no pet.) ("Even when an award of attorney's fees is mandatory under an applicable statute, the requesting party is still required to offer evidence to support an award.").

We therefore overrule Brown's fourth issue.

V

In her fifth issue, Brown contends that the OAG acted outside its statutory authorization to enforce the child-support orders when it argued against enforcing the orders and argued contrary to statutes and precedent to the detriment of Brown's effort to confirm an arrearage. Specifically, Brown contends the OAG thwarted her attempts to have the child-support arrearage confirmed and reduced to a money judgment by "not producing the correct order, [and] by wrongful and harmful argument and testimony before the court, clearly leading the court to a wrongful and prejudiced conclusion." Brown details several specific complaints concerning the OAG's actions in the trial court, among them the OAG's argument at the July 2009 hearing that the trial court should apply equity to find that Stackhouse owed no medical support. But Brown did not raise this argument at any time below; therefore, she has preserved nothing for review. *See* Tex. R. App. P. 33.1(a).

VI

In her sixth issue, Brown contends that the trial court abused its discretion by staying the administrative writ of withholding. She argues that the administrative writ was terminated wrongly because the court "never addressed the underlying issue of the arrearage amounts first." In support of this issue, Brown cites to several Family Code statutes dealing with the procedures for obtaining a writ of withholding, including section 158.309, which provides that in a hearing on a motion to stay an administrative writ of withholding, the court shall "(1) render an order for income withholding that includes a determination of the amount of child support arrearages, including medical support and interest; or (2) grant the motion to stay." Tex. Fam. Code § 158.309(c)(1)-(2).

Both Stackhouse and the OAG contend that Brown may not challenge the trial court's order granting Stackhouse's motion to terminate the administrative writ of withholding because she did not appeal from that order, the issue was not raised in the hearing on Brown's motion to confirm child-support arrearage, and the trial court's final judgment of December 18, 2009 does not contain any ruling on an administrative writ. But they do not explain how Brown could have appealed before a final judgment was granted. Further, the only order in the record addressing the administrative writ is the July 23, 2009 default judgment against Brown, which recites, among other things, that the administrative writ of withholding was terminated.[8] The trial court subsequently granted Brown's motion to set aside the default judgment and for new trial, vacating that judgment. Brown could not have appealed a vacated judgment. Even if Brown could have appealed from another order terminating the writ, if Brown wanted the trial

court to reconsider its prior ruling, arguably it was incumbent on her to request this relief or risk waiving the issue. But Brown did not raise this issue in the hearing on her motion to confirm arrearage.

Assuming without deciding that Brown properly raised the issue, we conclude that she has failed to show that the trial court abused its discretion. First, Brown cites no authority to support her contention that the trial court abused its discretion by denying the writ. Second, it is apparent from the record that the trial court granted Stackhouse's motion to terminate the writ when it determined that Stackhouse was not required to pay the medical support because Brown never obtained medical insurance for the children, and neither Brown nor the OAG presented evidence of the amount of arrearage Stackhouse would owe if the medical support were excluded. Indeed, at the start of the hearing, Brown's attorney objected to any attempt to determine the amount of arrearages actually owed, and requested that "we only look to whether or not this writ is terminated and not as to the actual amount of arrearages." On these facts, we cannot say that the trial court abused its discretion in terminating the writ before determining the amount of arrearage. We therefore overrule Brown's sixth issue.

## VII

In her seventh issue, Brown contends that the trial court abused its discretion by imposing a remedy neither sought nor asked for when she requested a modification of child support and a finding that Stackhouse was in contempt for non-compliance with the divorce decree's child-support provisions. Specifically, Brown complains of that portion of the March 14, 1990 order placing the obligation to obtain medical insurance for the children on her, which she maintains placed "an impossible burden" on her. Both Stackhouse and the OAG contend that Brown's appeal of this issue is untimely because the judgment nunc pro tunc was filed after the expiration of the court's plenary power and did not modify the insurance requirement contained in the March 14, 1990 order. We agree.

The judgment nunc pro tunc was signed on October 5, 2009, more than 19 years after the March 14, 1990 order was signed. [9] Thus, the judgment nunc pro tunc was signed well after the trial court's plenary power expired. *See* Tex. R. Civ. P. 329b. If the trial court corrects a mistake by judgment nunc pro tunc after expiration of the court's plenary power, the court of appeals has no authority to hear any complaint that could have been presented in an appeal from the original judgment. *Pruet v. Coastal States Trading, Inc*., 715 S.W.2d 702, 704 (Tex. App.—Houston [1st Dist.] 1986, no writ). Brown's issue is directed to a portion of the

12

original March 14, 1990 order that was not modified by the October 16, 1990 order. Therefore, Brown should have raised her complaint in an appeal from that order. *See* Tex. R. Civ. P. 306a (a)(6); *Gonzales v. Rickman*, 762 S.W.2d 277, 278 (Tex. App.—Austin 1988, no writ). We therefore overrule Brown's seventh issue.

\* \* \*

We sustain Brown's second and third issues and overrule her first, fourth, fifth, sixth, and seventh issues. Accordingly, we reverse that portion of the judgment finding that Stackhouse was in arrears on medical support in the amount of $0, and we remand the case for a determination of the amount of medical-support arrearage owed, as well as any interest, attorney's fees, and costs to which Brown may be entitled as a result of the medical-support arrearage, in accordance with this opinion. We further remand for the trial court to determine the amount of pre-judgment interest applicable to the trial court's grant of child-support arrearage of $1,756.87 to Brown. We affirm the remainder of the judgment.

/s/    Jeffrey V. Brown
       Justice

Panel consists of Justices Anderson, Frost, and Brown.

---

[1] The youngest two children reached majority in 1999.

[2] Although the trial court's docket sheet stated that the trial court granted a motion for judgment nunc pro tunc in 1990. A proposed judgment nunc pro tunc from 1990 was found in the trial court's file, but it was not signed by the trial court or approved as to form by counsel. At a hearing on October 5, 2009, the trial court determined that the trial judge in 1990 had approved this proposed judgment nunc pro tunc, intended to sign it in 1990, and should have signed it, but did not do so due to a clerical error. On October 5, 2009, the trial court signed the proposed judgment that had been in its file for 19 years. The judgment states that it was signed on October 16, 1990. On appeal, no party has challenged the trial court's action in signing this judgment on October 5, 2009, and no party has asserted that this judgment corrected judicial error rather than clerical error. Regardless of the propriety of the judgment nunc pro tunc, the trial court had jurisdiction to confirm the amount of child support and medical support arrearages. Therefore, we do not address the propriety of the judgment nunc pro tunc.

[3] The OAG sought withholding titled ADMINISTRATIVE WRIT OF WITHHOLDING SIGNED ON 01/28/2008 titled ORDER TERMINATING. No such order appears in our record. The OAG asked the trial court to specify the duties imposed on it and a reasonable time within which

13

compliance will be required.

[4]
Brown had a claim she did appear to "clean hands" at least in part on equity. The court concluded that therefore Stackhouse was not obligated to reimburse her for it.

[5]
money judgment. Because Stackhouse complied system could two separate judgments rather than one cumulative together.

[6]
calculations. The amount of $1,756.87 was based on a handwritten exhibit Stackhouse submitted to support his

[7]
Section 157.008 provides that an obligor may plead as an affirmative defense to a motion for enforcement that the obligee voluntarily relinquished to the obligor actual possession and control of a child for a time period in excess of any court-ordered periods of possession of and access to the child, and the obligor provided actual support. Tex. Fam. Code § 157.008(a), (b). Stackhouse presented no argument or evidence that he provided actual support to the children during a time when Brown voluntarily relinquished actual possession and control of the children in excess of any court-ordered periods of possession of and access to the children. Moreover, section 157.008(c) provides for an affirmative defense to an allegation of contempt or of the violation of a condition of community service, but neither circumstance is present here.

[8]
a January 28, 2008 order terminating the administrative writ of withholding, but this order does not appear in our record.

[9]
reporter's record reflects that Judge Kreiter signed the judgment on October 16, 1990, the

14