# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00281-CV

---

**David E. Jones, Appellant**

**v.**

**Jessica L. Jones, Appellee**

---

### FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-13-001139, THE HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant David E. Jones appeals the trial court's final order in a child-support enforcement action brought by his ex-wife, Jessica L. Jones.[1]  *See* Tex. Fam. Code §§ 157.001-.426 (enforcement proceedings).  In six issues, David challenges the trial court's awards of unreimbursed medical expenses and attorney's fees.  For the reasons set forth below, we will affirm.

## BACKGROUND

David and Jessica were divorced in January 2015 and have three children.  In part, the couple's final divorce decree requires David to make periodic child-support payments through the Office of the Attorney General of Texas, Child Support Division (the "Attorney General").  The decree also requires Jessica and David each to pay 50 percent of the children's healthcare expenses not reimbursed by insurance, with the non-incurring party paying his or her portion of the uninsured healthcare expenses either by paying the healthcare provider directly or by reimbursing the incurring party.

---

[1]  Because the parties share the same surname, we will refer to the parties by their first names for clarity.

In October 2017, Jessica filed a "motion for enforcement of child support order and unreimbursed medical expenses." In March 2018, following a hearing on the motion, the trial court signed an order requiring David to pay $16.60 in unreimbursed medical expenses. *See id.* §§ 157.161-.168 (hearing and enforcement order). In addition, the trial court determined that two years earlier, a different trial court judge had heard another motion for child-support enforcement filed by Jessica and had signed an order that required David to pay $2,466.25 in attorney's fees to Jessica's attorney pursuant to Section 157.167 of the Texas Family Code. *See id.* § 157.167 (respondent to pay attorney's fees and costs). In its March 2018 order, the trial court found that David had failed to pay any of the attorney's fees as required by the earlier order and again ordered him to pay attorney's fees in the amount of $2,466.25. The trial court also ordered David to pay an additional $4,000 in attorney's fees incurred by Jessica in pursuing her October 2017 motion for enforcement.

Representing himself pro se, David timely filed a notice of appeal from the March 2018 order.

## DISCUSSION

### *Standard of Review*

We review a trial court's decisions regarding child support, including a decision to award attorney's fees in a child-support enforcement action, for an abuse of discretion. *Russell v. Russell*, 478 S.W.3d 36, 47 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *McFadden v. Deedler*, No. 03-13-00486-CV, 2014 Tex. App. LEXIS 9527, at *3 (Tex. App.—Austin Aug. 27, 2014, no pet.) (mem. op.) ("Generally, we review a trial court's decision to grant or deny the relief requested in a post-divorce motion for enforcement for abuse of discretion."). A trial court abuses its discretion when it acts without reference to any guiding rules or principles, or when it fails to analyze or apply the law correctly. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). Applying this standard, legal and factual

2

sufficiency are relevant factors in determining whether the trial court abused its discretion, but they are not independent grounds of error. *Zeifman v. Michels*, 212 S.W.3d 582, 587 (Tex. App.—Austin 2006, pet. denied).

To the extent David's issues in this appeal turn on matters of statutory construction, we review these issues de novo. *See Tucker v. Thomas*, 419 S.W.3d 292, 295 (Tex. 2013). Our primary objective when construing statutes is to give effect to the Legislature's intent, which we ascertain by looking to the entire act. *Id.* (citing *Iliff v. Iliff*, 339 S.W.3d 74, 79 (Tex. 2011)). "Where statutory language is unambiguous and only yields one reasonable interpretation, 'we will interpret the statute according to its plain meaning.'" *Iliff*, 339 S.W.3d at 79 (quoting *McIntyre v. Ramirez*, 109 S.W.3d 741, 748 (Tex. 2003)).

### Unreimbursed medical expenses

In two issues on appeal, David challenges the trial court's award of $16.60 in unreimbursed medical expenses to Jessica. At the hearing, Jessica presented evidence that she had presented David with a claim for his half of an unreimbursed dental expense for $108.00, which he did not pay. In its order, the trial court found that David owed Jessica for this dental expense but offset Jessica's claim by $91.40, representing unpaid medical expenses owed by Jessica to David. On appeal, David does not challenge these specific findings. *See Bruce v. Bruce*, No. 03-16-00581-CV, 2017 Tex. App. LEXIS 4834, at *5 (Tex. App.—Austin May 26, 2017, no pet.) (mem. op.) (noting that when trial court includes findings in its judgment but does not issue any separate findings of fact and conclusions of law, "the findings in the judgment have probative value on appeal"). Instead, David argues that he presented evidence of previously made excess payments towards his child-support obligation and that the trial court abused its discretion in failing to offset Jessica's claim for unreimbursed medical expenses by the amount of these excess child-support payments.

3

In support of his argument, David relies on Section 154.014 of the Texas Family Code, which provides, in pertinent part:

> (a) If a child support agency or local child support registry receives from an obligor who is not in arrears a child support payment in an amount that exceeds the court-ordered amount, the agency or registry, to the extent possible, shall give effect to any expressed intent of the obligor for the application of the amount that exceeds the court-ordered amount.
>
> (b) If the obligor does not express an intent for the application of the amount paid in excess of the court-ordered amount, the agency or registry shall:
>
>> (1) credit the excess amount to the obligor's future child support obligation; and
>>
>> (2) promptly disburse the excess amount to the obligee.

Tex. Fam. Code § 154.014(a), (b). In addition, David relies on a letter that he received from the Attorney General and that was admitted into evidence at the hearing. The letter from the Attorney General informed David that (1) as of "October 1, 2017, the total amount of pre-paid child support that has been applied to your case is $3,300.00"; (2) the Attorney General considers payments to be "pre-paid" if the "current support obligation is already paid and there is no past-due support"; and (3) all pre-paid child-support payments are processed immediately by the Attorney General, credited to the noncustodial parent, and sent to the custodial parent. David argues that this evidence, pursuant to Section 154.014, conclusively establishes that "the prepaid funds available on the date of trial exceeded the amounts necessary to satisfy both the amount of the alleged unreimbursed medical expenses and the claimed court-ordered attorney's fees combined." For several reasons, we disagree.

First, nothing in the letter from the Attorney General indicates that David's $3,300 in pre-paid child support fully satisfied his remaining monthly child-support obligations. Rather, the letter suggests that the pre-paid child support would be credited against David's future monthly child-support

4

obligations, and no evidence was presented as to the amount of the credit that remained as of the date of the January hearing. Second, both Section 154.014 and the letter indicate that the Attorney General, as a "child support agency" or "registry," will process David's overpayment and credit his future child-support obligations to the extent his payment on these future obligations would otherwise be made through the Attorney General. *See id.* § 154.014 (providing that "agency or registry" must give effect to obligor's intent regarding overpayment and that, if that intent is not expressed by obligor, "agency or registry" must credit overpayment to obligor's future child-support obligation). Nothing in the language of the statute suggests that a trial court must credit an obligor, such as David, for pre-paid child support made through the Attorney General when accessing the obligor's compliance with child-support obligations not administered by the Attorney General. The evidence does not conclusively establish that David satisfied his obligation to reimburse Jessica for unreimbursed medical expenses.

Because there is sufficient evidence that David failed to satisfy his obligation to reimburse Jessica for medical expenses and that he was not entitled to a greater offset, we cannot conclude that the trial court abused its discretion in awarding Jessica $16.60 in unreimbursed medical expenses. We overrule David's first and fourth issues on appeal.

### *Attorney's Fees*

Next, we consider David's challenge to the trial court's award of attorney's fees. In his third and fifth issues, David complains that Jessica's attorney had already been awarded fees and therefore it was unfair for him "to seek additional fees in the continuation hearing" and that the trial court's award of attorney's fees was "arbitrary, unreasonable, and affected by bias." As a preliminary matter, we note that David's appellate brief fails to cite or even reference any portion of the record, identify any controlling authority, support his position with argument, or articulate a clear legal issue to be decided. *See* Tex. R. App. P. 38 ("Requisites of Briefs"). Nevertheless, we liberally construe

David's argument to be that there is no legal basis to support the trial court's decision to award $4,000 in additional attorney's fees.[2]

Under Section 157.167 of the Texas Family Code, a movant in a child-support enforcement proceeding is entitled to recover reasonable attorney's fees "if the court finds that the respondent has failed to make child support payments." Tex. Fam. Code § 157.167(a). If good cause is shown, the trial court may, in its discretion, waive the requirement that the respondent pay attorney's fees and costs if it states the reasons supporting that finding. *Id.* § 157.167(c). "Absent a finding of good cause, the award of attorney's fees under Section 157.167 is mandatory." *Bruce*, 2017 Tex. App. LEXIS 4834, at *8 (citing Tex. Fam. Code 157.167(c)).

An award of attorney's fees and costs in a child-support enforcement action may itself be enforced as a child-support obligation, including by contempt. Tex. Fam. Code § 157.167(a). Similarly, medical support is an additional child-support obligation that may be enforced by any means available for the enforcement of child support. *Id.* § 154.183(a); *In re A.L.S.*, 338 S.W.3d 59, 67 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). Here, the trial court found that David had failed to meet his medical-support obligation, which we have upheld, and that he failed to satisfy his obligation to pay attorney's fees awarded in a previous child-support enforcement action brought by Jessica, which David did not appeal. In the absence of a trial court finding of good cause not to award attorney's fees, we must uphold the trial court's decision to award $4,000 in attorney's fees.

---

[2] To the extent David is attempting to raise any other appellate issue, we conclude that any such issue is considered waived. *See Trenholm v. Ratcliff*, 646 S.W.2d 927, 934 (Tex. 1983) ("Points of error must be supported by arguments and authorities, and if not so supported, the points are waived."); *Stillwell v. Stillwell*, No. 03-17-00457-CV, 2018 Tex. App. LEXIS 8410, at *6 (Tex. App.—Austin Oct. 17, 2018, pet. denied) (mem. op.) (concluding that any issues raised below that were "not specifically identified and supported by 'clear and understandable argument'" were waived on appeal).

*Judicial Bias and Prejudice*

Finally, we consider David's assertion that the entire March 2018 order should be reversed for a new trial because, according to David, the trial court judge was so biased and unfairly prejudicial against him that he was deprived of a fair trial. Although not entirely clear, David seems to assert that while on a lunch break from the proceedings, the trial court judge discussed the current dispute with another trial court judge who had previously ruled against David and that after this discussion, the trial court judge made remarks during the proceedings that, in David's view, demonstrated her bias and prejudice against him. David also argues that opposing counsel used "inflammatory and extrajudicial statements to create prejudice in the minds of trial court judges," which resulted in adverse rulings against him. However, judicial rulings alone almost never constitute a valid basis for showing the trial court's bias or impartiality, and judicial remarks that are critical, disapproving, or even hostile to a party, counsel, or the case, ordinarily do not support a challenge for bias or partiality. *Liteky v. United States*, 510 U.S. 540, 555-56 (1994); *Dow Chem Co. v. Francis*, 46 S.W.3d 237, 240 (Tex. 2001). To the extent David contends that the trial court's rulings demonstrate bias and prejudice, we have considered the merits of David's properly preserved arguments and concluded that the trial court's rulings do not constitute an abuse of discretion. Moreover, even assuming without deciding that David has adequately preserved error on this issue, we have reviewed the record and cannot conclude that the trial court exhibited bias or impartiality.[3] *See Thomas v. Graham Mortg. Corp.*, 408 S.W.3d 581, 596 (Tex. App.—Austin 2013, pet. denied). David's second and sixth issues on appeal are overruled.

---

[3] In her appellee's brief, Jessica asserts that David has waived any claim of bias or unfair prejudice because he failed to file a motion to recuse or otherwise raise the issue in the trial court. *See* Tex. R. App. P. 33.1 (preservation of appellate complaints); *Sparkman v. Microsoft Corp.*, No. 12-13-00175-CV, 2015 Tex. App. LEXIS 2510, at *7 (Tex. App.—Tyler Mar. 18, 2015, no pet.) (mem. op.) (concluding that appellant failed to preserve error concerning any bias or prejudice on part of judge because he did not file motion to recuse).

**CONCLUSION**

Having overruled all of appellant's issues on appeal, we affirm the judgment of the trial court.

_____

Chari L. Kelly, Justice

Before Chief Justice Rose, Justices Kelly and Smith

Affirmed

Filed:   June 6, 2019