**Affirmed and Memorandum Opinion filed April 14, 2022.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-20-00272-CV

**ROBIN BROWN, Appellant**

**V.**

**MICHAEL STACKHOUSE, Appellee**

**On Appeal from the 245th District Court
Harris County, Texas
Trial Court Cause No. 1984-08635**

## M E M O R A N D U M   O P I N I O N

Robin Brown, appearing pro se, appeals from a judgment ordering her former husband, Michael Stackhouse, to pay child support arrears. The Texas Office of the Attorney General (OAG) also appeared in the case as the state's designated agency under Title IV-D of the Social Security Act. This is the second appeal in this case. In the first appeal, we affirmed the trial court's award of a specific amount of child support arrears, among other things, but remanded expressly for determinations of the prejudgment interest on that arrearage and the

amount of medical child support arrears. On remand, the trial court held an evidentiary hearing and entered judgment on the determinations requested. In two issues and numerous subissues, Brown asserts that the trial court made several errors and the OAG acted outside of its statutory mandate. Concluding that Brown has not established any error in the trial court proceedings, we affirm.

## *Background*

Brown and Stackhouse were divorced in 1985. Through the divorce decree and subsequent modification, Stackhouse was ordered to pay child support and an additional amount for medical insurance as child support. The last of the couples' four children reached majority age in 1999, and the last child became emancipated no later than June 2000. In 2006, Brown sought Title IV–D services from the OAG, and in January 2007, the OAG issued an administrative writ of withholding to Stackhouse's employer and began withholding money from his pay. Stackhouse thereafter filed a petition to terminate the administrative writ and to recover child support payments made in excess of the court-ordered amounts, and Brown counter-petitioned to confirm a child support arrearage. The trial court ultimately ordered the administrative writ vacated.

In 2009, the OAG filed a motion to confirm child support arrears, alleging Stackhouse had accrued $2,319.98 in child support arrears and $27,630.26 in medical support arrears. Brown also moved to confirm the amount of child support owed, and the trial court held a hearing on her motion. After the hearing, the trial court signed a judgment awarding Brown $1,756.87 in child support arrears and $0 in medical support arrears and providing for post-judgment interest. On appeal from that judgment, we determined the trial court erred in holding Stackhouse did not owe any medical support arrears and in failing to award prejudgment interest on the child support arrears. *In re A.L.S.*, 338 S.W.3d 59, 66-69 (Tex. App.—

2

Houston [14th Dist.] 2011, pet. denied). We therefore reversed the portion of the judgment awarding $0 for medical child support arrears and remanded expressly for determinations of (1) the amount of medical support arrears owed; (2) any interest, attorney's fees, and costs to which Brown may be entitled as a result of the medical support arrears; and (3) the amount of pre-judgment interest applicable to the award of child support arrears of $1,756.87. *Id.* at 72. We affirmed the remainder of the judgment. *Id.*

On remand, after the OAG issued another administrative writ of withholding to collect the arrearage and Stackhouse filed a motion to abate withholding, the OAG filed an application for judicial writ of withholding. Brown also filed a motion for change of venue; in response to which, Stackhouse filed a motion to strike, arguing the motion to change venue was untimely filed. The trial court then held a hearing on the matters remanded in the prior appeal. During the hearing and in post-hearing submissions authorized by the trial court, both Brown and the OAG introduced exhibits purporting to calculate the amount of interest due on the child support arrears. The OAG also presented evidence concerning the amount of medical support arrears and the interest thereon. Brown's exhibits and argument were geared toward proving a total amount of child support arrears well beyond the $1,756.87 established in the first hearing and appeal. Brown also requested she be awarded attorney's fees as well as litigation and travel expenses.

In its judgment, the trial court held that Stackhouse owed $733.21 in prejudgment interest on the child support arrears and $38,104.87 in medical support arrears, including prejudgment interest and credited interest. The court ordered Stackhouse to pay those amounts. The court also noted that the amount of medical support arrears awarded was more than Brown had requested and that Brown's exhibits were based on child support arrears far in excess of the $1,756.87

3

established in the first hearing and appeal. The trial court denied Brown's request for an award of attorney's fees and costs due to a lack of credible evidence.

### *Complaints Regarding Trial Court*

As mentioned above, in her first issue, Brown asserts that the trial court made numerous errors during the proceedings, including failing to confirm additional child support arrearage, awarding prejudgment interest based on the alleged greater amount of arrearage, allowing an interest credit on the medical child support, granting a stay of the administrative writ, and refusing to transfer venue and award her attorney's fees and costs. We will address each contention in turn. In doing so, we note that pro se litigants and appellants such as Brown are held to the same standards as licensed attorneys and must comply with applicable laws and procedures. *See, e.g.*, *Rogers v. City of Houston*, 627 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2021, no pet.).

**Child support arrears.** In her first subissue, Brown insists that the trial court erred by not awarding her the entire amount of child support arrears she claimed in three exhibits she attached to post-hearing briefing. The claimed amount far exceeds the arrears determined in the prior proceedings and affirmed on appeal. Brown argues that the trial court incorrectly felt constrained by our prior opinion and remand instructions. She contends the trial court's actions ran contra to Texas Family Code sections 157.261 and 157.263, which respectively provide that unpaid child support obligations constitute a final judgment for the amount due and, in rendering a money judgment, a court may not reduce or modify the amount of child support arrearage. Tex. Fam. Code §§ 157.261, 157.263. She also contends the trial court's actions violated the so-called federal Bradley Amendment, which provides that in regards to Title IV-D cases, states must have laws in effect that, among other things, prohibit retroactive modification of child

4

support obligations. 42 U.S.C. § 666(a)(9).

As indicated, however, the issue of the amount of child support arrears was fully tried in the prior proceedings and affirmed in the prior appeal. In our remand, we instructed the trial court to consider only (1) the amount of medical support arrears owed; (2) any interest, attorney's fees, and costs to which Brown may be entitled as a result of the medical support arrears; and (3) the amount of pre-judgment interest applicable to the award of child support arrears of $1,756.87. *A.L.S.*, 338 S.W.3d at 72. When an appellate court remands a case to a trial court, the trial court "has no authority to take any action that is inconsistent with or beyond the scope of that which is necessary to give full effect to the appellate court's judgment and mandate." *Phillips v. Bramlett*, 407 S.W.3d 229, 234 (Tex. 2013); *see also Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex.1986) ("When this court remands a case and limits a subsequent trial to a particular issue, the trial court is restricted to a determination of that particular issue."); *Nath v. Tex. Children's Hosp.*, No. 14-19-00967-CV, 2021 WL 451041, at *6 (Tex. App.—Houston [14th Dist.] Feb. 9, 2021, pet. filed) (mem. op.) (following *Phillips* and *Hudson*). Trial courts must do the best they can to follow the directives in the mandate. *See Madeksho v. Abraham, Watkins, Nichols & Friend*, 112 S.W.3d 679, 691 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (en banc). And, "in a subsequent appeal, instructions given to a trial court in the former appeal will be adhered to and enforced." *Hudson*, 711 S.W.2d at 630. Moreover, the appellate judgment is final "not only in reference to the matters actually litigated, but as to all other matters that the parties might have litigated and had decided in the cause." *Nath*, 2021 WL 451041, at *6 (quoting *Scott Pelley P.C. v. Wynne*, 578 S.W.3d 694, 699 (Tex. App.—Dallas 2019, no pet.)).

The trial court lacked any authority to reconsider the amount of the child

support arrears as that amount had already been established and affirmed in the prior proceedings. The trial court therefore did not err in refusing to award additional child support to Brown. Accordingly, we overrule Brown's first subissue.

**Prejudgment interest.** In her second subissue, Brown asserts that the trial court erred by failing to award all the prejudgment interest due on the child support arrears. In this subissue, Brown again insists that the amount of child support arrears was much greater than that awarded by the trial court in the prior proceedings and affirmed by this court on appeal. Consequently, the amount of prejudgment interest that she calculates based on that greater alleged arrearage is also far beyond that to which she was entitled in light of the prior proceedings and appeal. Because pursuant to our remand for express purposes, the trial court lacked authority to reconsider the amount of the child support arrears or calculate and award prejudgment interest based on arrears greater than $1,756.87, the trial court did not err in refusing to do so. *See Phillips*, 407 S.W.3d at 234; *Hudson*, 711 S.W.2d at 630; *Nath*, 2021 WL 451041, at *6. Accordingly, we overrule Brown's second subissue.[1]

**Interest credit.** Next, Brown asserts that the trial court erred in allowing an "offset of interest credit" against the amount of medical support Stackhouse owed

---

[1] Although not urged as a distinct issue or subissue, Brown also raises several complaints regarding certain of the OAG's exhibits used to calculate the amount of child support Stackhouse owed. It is clear from the record and acknowledged by the OAG that recordkeeping in this case was far from ideal. Brown asserts that OAG exhibits 1 and 3 did not match the arrearage amounts in the official records, were rife with errors, and lacked required specificity. However, the sufficiency of the evidence to support the trial court's finding on the amount of arrearage was addressed in our prior opinion and may not be readdressed in this appeal. *See Hudson*, 711 S.W.2d at 630; *A.L.S.*, 338 S.W.3d at 65-66. Beyond alleging that her own interest calculations, which were based on far greater amounts of child support arrearage, were superior, Brown does not raise any distinct issues regarding the OAG's exhibit calculating interest on the child support arrears (exhibit 2) in this appeal.

in contravention of Family Code sections 157.008 (permitting an offset to obligor when child support obligee voluntarily relinquishes possession and control of child), 157.009 (permitting credit to obligor when child received lump sum payment due to obligor's disability), and 157.263(b-1) (providing for cumulative money judgment for unpaid child support). The judgment, however, does not indicate that Stackhouse was given any such "offset"; instead, it notes that the amount of medical child support arrearage factored in "interest to be credited" to Stackhouse. This notation apparently references the OAG's explanation that in calculating the interest due on the medical support arrearage, it credited Stackhouse for payments he had made from 2015 onward that had yet to be posted to the medical support payment records. The OAG proposed crediting Stackhouse for those payments in calculating the amount of interest.

Brown neither explains how this credit was in error nor cites to where she brought the issue to the trial court's attention. *See* Tex. R. App. Proc. §§ 33.1(a) (providing that generally, appellate complaints must be preserved in the trial court by a timely and sufficiently specific request, objection, or motion); 38.1(i) (providing appellant's brief must contain clear and concise argument for contentions made); *Harrison v. Reiner*, 607 S.W.3d 450, 465 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (overruling appellate complaints regarding judgment because appellant failed to raise them in motion for new trial or motion to alter, modify, or correct the judgment). We further note that the trial court explained in the judgment that Brown received more on the medical child support arrears than she requested. Brown has failed to establish any error, much less harmful error, in regards to the credit in question.

**Attorney's fees and expenses.** In her fourth subissue, Brown contends that the trial court erred in failing to award her attorney's fees or litigation or travel

7

expenses. In the judgment, the trial court explained that Brown had failed to offer any testimony or other evidence to prove up any attorney's fees or costs. Although Brown attempted to introduce a list of alleged expenses and numerous bills and receipts as a single large exhibit during the hearing, Stackhouse's counsel objected on several grounds, including lack of authentication, relevance in that many of the documents preceded the medical arrears being an issue in the case, and a failure to segregate recoverable from nonrecoverable fees, and the trial court excluded the evidence. Brown then attached the same apparent exhibit to her post-hearing briefing, but she did not attach any affidavits authenticating the documents, explaining them, or asserting that they were proof of reasonable and necessary fees or expenses related to the recovery of the medical support arrears. Moreover, these post-hearing attachments went beyond what the trial court authorized the parties to provide in post-hearing briefing.

In the earlier proceedings, Brown requested attorney's fees related to the child support arrears. In our prior opinion, we noted that Family Code section 157.167 requires a trial court to order the respondent to pay the movant's reasonable attorney's fees if the court finds that the respondent failed to make child support payments. *A.L.S.*, 338 S.W.3d at 69 (citing Tex. Fam. Code § 157.167(a)). We further explained, however, that the party seeking fees has the burden of proof and such party waives the right to attorney's fees by failing to provide evidence in support of an award of fees. *Id*. at 69-70 (citing cases). Because Brown failed to present evidence in support of her attorney's fees, we affirmed the trial court's refusal to award fees. *Id*. at 70.

In the present appeal, Brown cites section 157.167 but does not offer any argument regarding the admissibility of the exhibit she offered or its sufficiency to support an award of fees and expenses. *See* Tex. R. App. Proc. 38.1(i). Because

8

Brown failed to present admissible evidence of her fees and expenses, we again affirm the trial court's refusal to award fees and expenses under section 157.167.

**Granting of stay.** Brown additionally contends the trial court erred in "granting a stay on the OAG administrative/judicial writ without holding hearing within 30 days, holding hearing but making no decision, and then, setting hearings without holding hearing for more than 4 years." Brown, however, neither cites the record in support of this contention nor makes a cogent argument regarding how the trial court's alleged failures constitute reversible error in this case. *See* Tex. R. App. Proc. §§ 38.1(i) (providing appellant's brief must contain clear and concise argument for contentions made as well as citations to the record and relevant authority); *Rogers*, 627 S.W.3d at 787-88 (declining to make pro se appellant's argument for him). Accordingly, we overrule this subissue.

**Venue transfer.** Lastly under her first issue, Brown briefly asserts that the trial court erred in refusing to transfer venue in this case pursuant to Family Code section 155.201. Other than a conclusory assertion of error, Brown provides no analysis on the question of venue. *See* Tex. R. App. Proc. §§ 38.1(i). Although Brown does not specify the provision of section 155.201 under which she sought a transfer, we note that subsection (b) provides that if a motion to enforce is filed in the court with continuing, exclusive jurisdiction, on the timely motion of a party, the court shall transfer the proceeding to another county if the child in question has resided in the other county for six months or longer. Tex. Fam. Code § 155.201(b).

In her motion, Brown asserted only that she herself had been living in another county for the requisite period; Brown has made no assertion regarding the residence of any of the children, all of which have long been emancipated. Brown was not entitled to a transfer pursuant to section 155.201, and she has not raised any other basis for seeking a transfer. We therefore overrule this subissue. Having

9

overruled each of Brown's subissues under issue one, we overrule her first issue.

### *Complaints Regarding OAG*

In her second issue, Brown raises numerous complaints against the OAG, including that it requested a stay on its own writ, failed to correct its records, failed to advocate for enforcement of the child support orders during hearings, never entered the payment records into evidence, withheld distribution of garnisheed wages, failed to expedite the confirmation of arrears, announced as "intervenor" at the hearing when it was movant, urged an offset that was contra to the Family Code, was uncooperative in setting the hearing on remand, argued for equity to the detriment of child support, opposed the transfer of venue, and left her without Title IV-D child support enforcement services. On these grounds, Brown contends generally that the OAG acted outside of its statutory mandate as a Title IV-D agency. *See generally* 42 U.S.C. §§ 651-669b; Tex. Fam. Code § 231.101(a).

Brown also raised similar complaints regarding the OAG's performance in the first appeal. *A.L.S.*, 338 S.W.3d at 70. As in that first appeal, Brown does not indicate where she brought any of these complaints to the attention of the trial court and thus has preserved nothing for our review. *Id.* (citing Tex. R. App. P. 33.1(a)). Brown has also not offered any argument or authority explaining a court's ability to provide relief in regards to these complaints. *See* Tex. R. App. P. 38.1(i). Accordingly, we overrule her second issue.

We affirm the trial court's judgment.

/s/    Frances Bourliot
        Justice

Panel consists of Justices Wise, Bourliot, and Zimmerer.

10