**Affirmed in Part; Reversed and Remanded in Part and Memorandum Opinion filed April 27, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00719-CV

---

## IN THE INTEREST OF L.A.N., A CHILD

---

**On Appeal from the 308th District Court
Harris County, Texas
Trial Court Cause No. 2013-42223**

---

### MEMORANDUM OPINION

After a hearing on appellant Amity Leigh Nelson's motion for enforcement of child support, the trial court granted the motion in part finding appellee Wilfrid Randall Nelson (Randy) in arrears on his child support obligation. The trial court found Randy in criminal contempt on 31 counts of failure to pay child support and ordered Randy confined for 30 days for each separate violation. The trial court suspended Randy's commitment and placed him on community supervision for 48 months. The trial court awarded judgment to Amity of $882.00 in unreimbursed health-care expenses. In seven issues on appeal Amity challenges the trial court's

order on the grounds that the trial court erred in failing to (1) award attorney's fees; (2) find an additional $7,903.72 in unreimbursed health-care expenses; (3) admit evidence of health-care expenses; (4) award prejudgment interest on the unreimbursed health-care expenses; (5) allow Amity to include additional health-care expenses incurred after the motion was filed; (6) grant relief enforcing a provision for Amity to verify the existence of a life insurance policy; and (7) enforce by contempt Randy's failure to update changes in his contact or employment information. Concluding the trial court erred in failing to award attorney's fees and prejudgment interest, we reverse those portions of the judgment and remand for further proceedings. We affirm the remainder of the trial court's judgment.

## BACKGROUND

Amity and Randy Nelson were divorced in 2014 and Randy was ordered to pay monthly child support. Randy was further ordered to notify Amity and the court of any change of address and/or termination of employment. At the time of the divorce Amity had enrolled the children in health insurance through the Affordable Care Act. Randy was ordered, as additional child support, to pay to Amity the cost of the children's health insurance and all "reasonable and necessary health-care expenses of the children that are not reimbursed by health insurance[.]" To obtain reimbursement Amity was ordered to submit "all forms, receipts, bills, statements, and explanations of benefits reflecting the uninsured portion of the health-care expenses within thirty days" after she received them.

In 2021 Amity filed a motion for enforcement of the child support order in which she alleged Randy failed to comply with the order in that he:

- Failed to make 62 monthly child support payments;
- Failed to reimburse uninsured health-care expenses;
- Failed to obtain life insurance and furnish written proof of

2

insurance; and

- Failed to give notice of a change of address.

The trial court held a hearing on Amity's motion at which Amity testified. At the time Amity filed the motion for enforcement, Randy was $26,096.85 in arrears in child support payments. At the time of the hearing Randy had made the child-support payments and was no longer in arrears.

The trial court granted Amity's motion in part, including 31 counts of criminal contempt for failing to pay child support, and a money judgment for health-care expense reimbursement.

The trial court subsequently signed findings of fact and conclusions of law, which reflected that Randy was ordered to make periodic payments of child support, with which he failed to timely comply 31 times. The trial court further found that Randy failed to comply with Amity's requests for unreimbursed health-care expenses of $334.00 for an ophthalmology appointment and $548.00 for oral surgery. The trial court specifically denied relief on other violations alleging unreimbursed health-care expenses due to a lack of credible evidence. This appeal followed.

## ANALYSIS

### I.     The trial court erred in denying Amity's request for attorneys' fees.

In Amity's first issue she challenges the trial court's denial of her request for attorneys' fees. Amity included a pleading for attorneys' fees in her motion for enforcement.

Amity's counsel, Alexandria Gwyn Foster, testified that she and co-counsel, Stacy Sawyer, were retained to file Amity's motion for enforcement. Their attorneys' fees were $200 per hour; paralegals' fees were $100 to $150 per hour.

3

Total hours spent on the motion for enforcement were 63, including several court appearances and preparing for the hearing on the motion. Foster spent 19.75 hours on the case at a billable rate of $200 per hour. A law clerk spent 3.75 hours at a billable rate of $75 per hour.

Sawyer testified that her rate was also $200 per hour and introduced evidence of the firm's billing in the case. The trial court admitted billing records from Amity's attorneys showing work performed on the motion for enforcement, hours worked, and billable hourly rates.

Randy moved for judgment requesting no attorney's fees be awarded on the grounds that the fees had not been properly proved, and that Amity's counsel failed to segregate the fees incurred between recoverable and non-recoverable claims. Sawyer responded that until trial Amity was seeking contempt on all claims, which made it impossible to segregate the fees. The trial court denied Amity's request for attorneys' fees for failure to segregate the fees. On appeal Amity asserts the trial court abused its discretion in denying her request for attorneys' fees. We agree.

Section 157.167 of the Family Code provides that "if the court finds that the respondent has failed to make child support payments, the court shall order the respondent to pay the movant's reasonable attorney's fees and all court costs in addition to the arrearages." Tex. Fam. Code § 157.167(a). The court may only waive the requirement that the respondent pay attorney's fees and costs for good cause if the trial court states the reasons supporting the finding of good cause. Tex. Fam. Code § 157.167(c). Medical support is an additional child-support obligation that may be enforced by any means available for the enforcement of child support. *See* Tex. Fam. Code § 154.183(a); *In re A.L.S.*, 338 S.W.3d 59, 67 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). Therefore, absent good cause stated on the record, the trial court was required to award Amity her reasonable attorneys' fees and costs

in recovering the child-support arrearages of the unreimbursed health-care expenses. *See Russell v. Russell*, 478 S.W.3d 36, 46 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (section 157.167 mandates an award of reasonable attorneys' fees if the trial court finds that a party has failed to make child support payments).

Pursuant to section 157.167(c) attorney's fees were mandatory unless the trial court found good cause to deny such fees. *See id.* at 45–46 ("section 157.167 mandates an award of reasonable attorney's fees and costs if the trial court finds that a party has failed to make child support payments, except that the court may waive the requirement for good cause shown and the court states the reasons supporting the good-cause finding."). The record in this case does not contain a finding of good cause. Therefore, attorney's fees were mandatory. *See id.* at 46.

Randy asserts that Amity failed to present sufficient evidence upon which the trial court could award fees pursuant to *Rohrmoos Ventures v. UTSW DVA Health Care LLP*, 578 S.W.3d 498 (Tex. 2019). Generally, we review a trial court's decision to award attorney's fees for an abuse of discretion. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). Under an abuse-of-discretion standard, the legal and factual sufficiency of the evidence are not independent grounds of error; instead, they are considered in assessing whether an abuse of discretion has occurred. *In re K.A.M.S.*, 583 S.W.3d 335, 341 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

When fee-shifting is authorized, as here, the fact finder must determine the reasonable hours worked multiplied by a reasonable hourly rate. *Rohrmoos*, 578 S.W.3d at 498. We presume this base lodestar calculation is the reasonable and necessary amount of attorney's fees to be shifted to the opposing party, so long as the amount is supported by sufficient evidence. *Id.* at 499. Sufficient evidence includes evidence of: "(1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable

amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services." *Id*. at 498. The reasonableness of attorney's fees is ordinarily left to the fact finder, and a reviewing court may not substitute its judgment for the fact finder's. *Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 547 (Tex. 2009).

The testimony and documents admitted at trial detail dates, hours spent, hourly rate, and a brief narrative description of legal service performed and the person who performed the service. For example, on November 4, 2021, Foster spent 2.75 hours drafting the motion for enforcement and corresponding with the client. We conclude the record, consisting of both testimony and documentary evidence, reflects sufficient evidence of reasonable and necessary attorney's fees.

Because attorney's fees are recoverable only when provided for by statute or the parties' contract, a fee claimant must segregate attorney's fees that are recoverable from those that are not. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310, 313–14 (Tex. 2006). When "discrete legal services" that advance both a recoverable and unrecoverable claim are intertwined, they need not be segregated. *Id*. at 313–14. When segregation is required, attorneys do not have to keep separate time records for each claim. *Id*. at 314. Rather, an attorney's opinion that a certain percentage of the total time was spent on the claim for which fees are recoverable will suffice. *Id*.

Segregation is not required when attorneys' fees are recoverable for all causes of action. *Land v. Land*, 561 S.W.3d 624, 640 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). In this case, the trial court ordered contempt on unpaid child support and a money judgment for child-support arrearages in the form of unreimbursed health-care expenses. Attorneys' fees are mandatory for both claims. *See* Tex. Fam. Code § 154.183(a); *In re A.L.S.*, 338 S.W.3d at 67. The need to

6

segregate attorney's fees is a question of law, and the extent to which certain claims can or cannot be segregated is a mixed question of law and fact. *See Chapa*, 212 S.W.3d at 312–13; *CA Partners v. Spears*, 274 S.W.3d 51, 81 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). In this case, section 157.167 prescribes mandatory fees "if the court finds that the respondent has failed to make child support payments." Tex. Fam. Code § 157.167(a). The trial court found that Randy failed to make child support payments and failed to reimburse health-care expenses, which are considered additional child support. *See In re A.L.S.*, 338 S.W.3d at 67. The trial court did not find good cause not to award attorneys' fees, but found Amity's attorneys failed to properly segregate their fees.

Amity was required to segregate her attorneys' fees proof to exclude attorneys' fees for her unsuccessful enforcement claims. *See Land*, 561 S.W.3d at 640. Failure to segregate attorneys' fees does not preclude an attorneys'-fees recovery. *Kinsel v. Lindsey*, 526 S.W.3d 411, 428 (Tex. 2017). When a fee claimant fails to properly segregate attorneys' fees, we may remand the issue to the trial court for reconsideration. *Id*. Because reasonableness of a fee award is a question of fact and Amity presented some evidence of her fees, remand for a new trial on the attorneys' fees issue is appropriate to determine the segregated fee amount due. *See Russell*, 478 S.W.3d at 52. We sustain Amity's first issue.[1]

---

[1] Amity asserts she is also entitled to recover attorney's fees pursuant to subsection (d) of section 157.167, which states:

(d) If the court finds that the respondent is in contempt of court for failure or refusal to pay child support and that the respondent owes $20,000 or more in child support arrearages, the court may not waive the requirement that the respondent pay attorney's fees and costs unless the court also finds that the respondent:

(1) is involuntarily unemployed or is disabled; and

(2) lacks the financial resources to pay the attorney's fees and costs.

Tex. Fam. Code § 157.167(d).

**II. The trial court did not abuse its discretion in denying some of Amity's claims for unreimbursed health-care expenses.**

In Amity's second issue she asserts the trial court abused its discretion "by forgiving $7,903.72 in uninsured medical and dental support arrearages without counterclaim, offset, or contradictory evidence from Randy." In Amity's third issue she asserts the trial court abused its discretion by excluding her reimbursement requests as hearsay. We first address Amity's third issue challenging the trial court's evidentiary rulings.

**A. Background Facts**

The parties' divorce decree ordered, as additional child support, that Randy was to pay the cost of health insurance for the children.[2] As to health-care expenses not covered by insurance, the decree provided as follows:

> Pursuant to section 154.183(c) of the Texas Family Code, the reasonable and necessary health-care expenses of the children that are not reimbursed by health insurance are allocated as follows: WILFRID RANDALL NELSON is ORDERED to pay 100 percent of the unreimbursed health-care expenses.

> The party who incurs a health-care expense on behalf of a child is ORDERED to submit to the other party all forms, receipts, bills, statements, and explanations of benefits reflecting the uninsured portion of the health-care expenses within thirty days after he or she receives them. The nonincurring party is ORDERED to pay his or her

_____

Amity is correct that the respondent was found in contempt of court for failure to pay child support and there was no finding that he was involuntarily unemployed or lacked the financial resources to pay attorney's fees and costs. Subsection (d), however, requires that the respondent owe $20,000 or more in child support arrearages. The record reflects that, although Randy was held in contempt for failure to timely pay more than $20,000 in child support, by the time of trial Randy had paid the arrearages and did not "owe" more than $20,000 in support. Amity cites no authority supporting her claim under subsection (d), nor have we found such authority. Having concluded Amity is entitled to attorney's fees under subsection (c), we need not address Amity's argument under subsection (d).

[2] At the time the motion for enforcement was filed the parties' older child had turned 18 and Amity was only seeking unreimbursed health-care expenses incurred by L.A.N.

percentage of the uninsured portion of the healthcare expenses either by paying the health-care provider directly or by reimbursing the incurring party for any advance payment exceeding the incurring party's percentage of the uninsured portion of the health-care expenses within thirty days after the nonincurring party receives the forms, receipts, bills, statements, and explanations of benefits.

In Amity's motion for enforcement, she asserted five violations related to unreimbursed health-care expenses. Amity testified that the child was insured through Medicaid in Florida and that Randy was ordered to pay 100 percent of unreimbursed health-care expenses. The child incurred expenses related to orthodontia, nutrition therapy, oral surgery, and ophthalmology. Amity testified that since the divorce decree was signed the child incurred exceptional health-care expenses after being hospitalized for anorexia nervosa. To support her request for reimbursement for nutrition therapy, Amity offered several exhibits to which Randy objected.

Amity first offered M-4, which was an invoice dated October 4, 2021, and purported to cover dates between January 1, 2019 and October 4, 2021. Randy objected to M-4 as hearsay and asserted that M-4 did not meet the business records exception to the hearsay rule. *See* Tex. R. Evid. 803(6). M-4 was not accompanied by testimony of a custodian or other qualified witness, or by a business records affidavit. *See* Tex. R. Evid. 902(10). Amity responded that she was not offering M-4 as a business record, but as a personal record in that Amity was the "custodian of records for her own child's medical invoices, receipts, and records." The trial court sustained Randy's objection to M-4.

Amity next offered M-5, an email she sent to Randy requesting reimbursement for several health-care expenses, totaling $8,489.22. The trial court admitted M-5 over Randy's relevance objection. The email originally contained an attachment with copies of invoices for the health-care expenses but the attachment

9

was not admitted at trial.

Amity next offered M-6, which was a letter sent certified mail return receipt requested to Randy's last known mailing address. The letter repeated the list of health-care expenses found in M-5 and included the invoice from the excluded M-4. Randy objected to M-6 as hearsay. The trial court sustained Randy's objection finding that Amity had not met the business records exception to the hearsay rule.

Amity next offered M-10, which was a bill from the child's eye doctor. Randy's hearsay objection was sustained. M-11 was an email sent to Randy requesting that he reimburse Amity for the costs of the child's eye exam and glasses, which totaled $334.00. The trial court admitted M-11 over Randy's hearsay objection.

Next, Amity offered M-13, which was a letter sent to Randy requesting reimbursement for orthodontia, therapy, and oral surgery. Randy objected that M-13 was hearsay and Amity sought to introduce M-13 not for the truth of the matter asserted—the amount of health-care expenses—but as evidence that Amity sought reimbursement from Randy within the required time frame.

The trial court also admitted evidence of invoices from the child's therapist, which were sent to Randy via certified mail. The admission was solely for the purpose of demonstrating that the invoices were sent to Randy; the subject matter of the invoices was excluded as hearsay. The trial court admitted evidence of an email request sent October 26, 2020, requesting reimbursement for medical expenses for braces, therapy, nutrition therapy, and oral surgery. The court only admitted this evidence with the amounts of the expenses redacted. This evidence was also admitted for the purpose of showing that Amity sent the requests to Randy; the trial court specifically excluded the amounts of expenses from evidence. Amity testified that Randy owed $1,172.50 in unreimbursed therapy expenses as of October 2020.

After Amity rested Randy moved for directed verdict on violations 63 through 68—unreimbursed health-care expenses—asserting that Amity failed to comply with the decree because she failed to give notice to Randy within 30 days after she received the medical forms, receipts and bills, statements, or explanation of benefits. Randy's motion relied on the lack of any non-hearsay evidence of health-care bills, invoices, or explanations of benefits. Amity responded to Randy's motion asserting that she did not receive explanations of benefits or formal bills from the child's health-care providers and that she sent Randy what she had. The trial court ruled on Randy's motions for directed verdict as follows:

| Violation | Amount | Health-care service provided | Trial court's ruling |
|-----------|--------|------------------------------|----------------------|
| 63 | $1,172.50 | Nutrition therapy | Granted |
| 64 | $334.00 | Ophthalmological appointment | Denied |
| 65 | $3,027.50 | Therapy | Granted |
| 66 | $548.00 | Oral surgery | Denied |
| 67 | $3,703.72 | Braces | Granted |

## B.    Exclusion of Evidence

We first address Amity's third issue in which she challenges the trial court's evidentiary rulings, which excluded certain exhibits as hearsay. As stated above, Randy objected to admission of the medical invoices Amity sought to introduce as hearsay. Amity responded that the medical invoices met the business records exception to the hearsay rule as personal records she kept in the maintenance of her child's health care. *See* Tex. R. Evid. 803(6).

In reviewing a trial court's decision to admit evidence, we use an abuse of

discretion standard. *See Nat'l Liability and Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527–28 (Tex. 2000). A trial court abuses its discretion when it rules without regard for any guiding rules or principles. *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). We must uphold a trial court's evidentiary ruling if there is any legitimate basis for the ruling. *Id*. "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Tex. R. Evid. 801(d). The proponent of hearsay has the burden of showing that the testimony fits within an exception to the general rule prohibiting the admission of hearsay evidence. *Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 908 n. 5 (Tex. 2004).

Rule 803(6) of the Texas Rules of Evidence—the business records exception—provides that evidence meeting the following criteria should not be excluded under the hearsay rule:

> A record of an act, event, condition, opinion, or diagnosis if:
>
>> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>>
>> (B) the record was kept in the course of a regularly conducted business activity;
>>
>> (C) making the record was a regular practice of that activity;
>>
>> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by an affidavit or unsworn declaration that complies with Rule 902(10); and
>>
>> (E) the opponent fails to demonstrate that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness. "Business" as used in this paragraph includes every kind of regular organized activity whether conducted for profit or not.
>
> Tex. R. Evid. 803(6).

Thus, the foundation for the business records exception has four requirements:

(1) the records were made and kept in the course of a regularly conducted business activity, (2) it was the regular practice of the business activity to make the records, (3) the records were made at or near the time of the event that they record, and (4) the records were made by a person with knowledge who was acting in the regular course of business. *In re E.A.K.*, 192 S.W.3d 133, 141 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). These prerequisites to admissibility may be shown by the testimony of the custodian or other qualified witness or by an affidavit that complies with Rule 902(10). Tex. R. Evid. 803(6)(D), 902(10).

It is undisputed that Amity provided neither testimony of the custodian of records or other qualified witness to testify as to the business records exception to the hearsay rule. It is equally undisputed that Amity did not provide a business records affidavit that complied with Rule of Evidence 902(10). The trial court did not abuse its discretion in excluding the exhibits because Amity did not provide evidence of the prerequisites to admissibility under an exception to the hearsay rule. *See In re E.A.K.*, 192 S.W.3d at 144 (business record exception generally cannot be established on the face of the document itself but requires live testimony or an affidavit from a witness shown to be qualified).

Amity's testimony that she was the custodian of her child's medical bills did not satisfy the exception. *See Sholdra v. Bluebonnet Sav. Bank, FSB*, 858 S.W.2d 533, 535 (Tex. App.—Fort Worth 1993, writ denied) (party failed to show that the information in the report came from someone with knowledge of that information, failing to establish the necessary predicate for the introduction of a business record in accordance with rule 803(6) of the Texas Rules of Evidence). We overrule Amity's third issue.

## C.    Unreimbursed health-care expenses

In Amity's second issue she asserts the trial court abused its discretion "by

forgiving $7,903.72 in uninsured medical and dental support arrearages without counterclaim, offset, or contradictory evidence from Randy." Specifically, Amity contends the trial court erred in not granting her requests for $1,172.50 for nutrition therapy (violation 63); $3,027.50 for therapy (violation 65); and $3,703.72 for braces (violation 67).

Medical support is a child-support obligation. Tex. Fam. Code § 154.183. We review a trial court's confirmation of child-support arrearages for an abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990); *In re A.L.S.*, 338 S.W.3d at 65. There is no abuse of discretion as long as some evidence of a substantive and probative character exists to support the trial court's decision. *In re T.J.L.*, 97 S.W.3d 257, 266 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

In an enforcement action the movant must not only establish that an arrearage exists, but the trial court must "confirm the amount of arrearages" under section 157.263 of the Family Code. *Ochsner v. Ochsner*, 517 S.W.3d 717, 725 (Tex. 2016). The burden is on the movant seeking enforcement to prove the amount of arrearage due. *In re A.L.S.*, 338 S.W.3d at 66.

The trial court signed findings of fact and conclusions of law stating that the court denied alleged violations 63, 65, and 67 because Amity "failed to timely provide an explanation of benefits as required by the terms of the order she sought to enforce." The trial court further found that Amity's oral testimony to the contrary was not credible.

The record supports the trial court's finding that Amity failed to meet her burden to show the amount of arrearages through admissible evidence. As stated above, Amity failed to introduce non-hearsay evidence to support her claims for unreimbursed medical expenses.

14

In asserting the trial court erred by forgiving child support without a counterclaim, Amity cites the statutory provision that a trial court "may not reduce or modify the amount of child support, medical support, or dental support arrearages" except when the specifically enumerated offsets apply, and contends an impermissible reduction or modification occurred here. *See* Tex. Fam. Code § 157.263. The plain language of this provision means that a trial court in an enforcement action cannot alter the amount deemed payable in the original child-support order. *Ochsner*, 517 S.W.3d at 723. But the trial court in an enforcement action must hold the movant to her burden in confirming the amount of arrearages. *Id*. Accordingly, the trial court did not abuse its discretion in denying some of Amity's requests for unreimbursed medical expenses as those expenses were not supported by admissible evidence. We overrule Amity's second issue.

## III. The trial court abused its discretion in failing to grant prejudgment interest on unreimbursed medical expenses.

In Amity's fourth issue she contends the trial court erred in failing to award prejudgment interest on violations 64 and 66, on which the court granted a money judgment.

The trial court awarded Amity a cumulative money judgment for violations 64 and 66, unreimbursed health-care expenses for an ophthalmological appointment and oral surgery. The trial court awarded post-judgment interest on the judgment, but did not award prejudgment interest.

The Family Code provides that, if a motion for enforcement of child support requests a money judgment for arrearages, the court "shall confirm the amount of arrearages and render cumulative money judgments" that includes interest on the arrearages. Tex. Fam. Code § 157.263(a), (b)(3). Awarding interest on child support arrearages is mandatory, and the trial court has no discretion to not award the full

15

amount of interest due. *Chenault v. Banks*, 296 S.W.3d 186, 193 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

Although Randy contends Amity is not entitled to prejudgment interest because she presented no evidence to support her request, this circumstance does not deprive Amity of her right to interest. *In re A.L.S.*, 338 S.W.3d at 69 (rejecting identical claim when no prejudgment interest was awarded on child-support arrearages).

The trial court concluded that Randy was in arrears on unreimbursed health-care expenses in the amount of $882.00. The trial court was therefore required to determine the date of the unpaid obligation and to calculate the prejudgment interest accordingly. *See Chenault*, 296 S.W.3d at 192–93. The trial court erred in failing to award prejudgment interest on the child-support arrearage. We sustain Amity's fourth issue.

## IV. Amity did not preserve error on the issue of additional unreimbursed health-care expenses incurred after her motion was filed.

In Amity's fifth issue she asserts the trial court abused its discretion by failing to allow her to update the payment record to reflect additional unreimbursed health-care expenses incurred after her motion for enforcement was filed.

Amity attempted to introduce evidence of unreimbursed health-care expenses that were incurred after her motion for enforcement was filed. Randy objected to introduction of such evidence because Amity had not included those expenses in her pleadings. Amity's attorney then withdrew her request to introduce evidence of unreimbursed health-care expenses incurred after the motion for enforcement was filed.

By withdrawing her request to introduce evidence of additional unreimbursed health-care expenses Amity failed to preserve error in the trial court. *See* Tex. R.

16

App. P. 33.1(a) (requiring a timely request, objection, or motion to preserve error for appeal). We overrule Amity's fifth issue.

## V.   This court lacks jurisdiction over appellant's issues challenging the contempt judgment.

In issues six and seven Amity contends the trial court abused its discretion by failing to grant relief enforcing the provisions that Randy provide proof of life insurance and that Randy provide proof of a change of address. Amity requested contempt as enforcement of those provisions.

A contempt judgment is reviewable only via a petition for writ of habeas corpus (if the contemnor is confined) or a petition for writ of mandamus (if no confinement is involved). *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999). Decisions in contempt proceedings cannot be reviewed on direct appeal because contempt orders are not appealable, even when appealed along with a judgment that is appealable, as here. *In re P.R.A.*, No. 14-18-01113-CV, 2019 WL 6317704, at *1 (Tex. App.—Houston [14th Dist.] Nov. 26, 2019, no pet.) (mem. op.) (citing *Tex. Animal Health Comm'n v. Nunley*, 647 S.W.2d 951, 952 (Tex. 1983)). Because Amity brought her contempt-based complaints to this court on direct appeal, and failed to make a specific request to invoke the court's original jurisdiction, we dismiss issues six and seven for lack of jurisdiction. *See In re J.D.G.*, No. 01-19-00476-CV, 2020 WL 3393538, at *2 n.1 (Tex. App.—Houston [1st Dist.] June 18, 2020, pet. denied) (mem. op.) (noting that under certain circumstances an appellate court may treat a direct appeal as a petition for writ of mandamus, but without a specific request for mandamus relief, the court will not treat an appeal as an original proceeding). We dismiss Amity's sixth and seventh issues.

## CONCLUSION

We sustain Amity's first and fourth issues and overrule her second, third, and

17

fifth issues. We dismiss Amity's sixth and seventh issues for lack of jurisdiction. Accordingly, we reverse that portion of the judgment denying Amity's attorney's fees and prejudgment interest on the $882.00 arrearage. We remand the issue of Amity's attorneys' fees, and further remand for the trial court to determine the amount of prejudgment interest applicable to the court's grant of child-support arrearage of $882.00 to Amity. We affirm the trial court's judgment in all other respects.

/s/     Jerry Zimmerer
        Justice

Panel consists of Justices Wise, Zimmerer, and Wilson.